UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION - RIVERSIDE

| | |
|---|---|
| G. DAVID JANG, M.D., | Case No. EDCV 05-00426 VAP (CTx) |
| Plaintiff/Counterdefendant, | **[PROPOSED] REVISED CONSENT JUDGMENT** |
| vs. | |
| BOSTON SCIENTIFIC CORPORATION, a Delaware corporation; SCIMED LIFE SYSTEMS, INC., a Minnesota corporation, | |
| Defendants/Counterclaimants. | |

KASOWITZ, BENSON,
TORRES & FRIEDMAN
LLP
ATTORNEYS AT LAW

Plaintiff G. David Jang, M.D. ("Dr. Jang") and Defendants Boston Scientific Corporation and Boston Scientific SciMed, Inc. [1](collectively, "BSC") stipulate and agree to the Court's entry of the following Revised Consent Judgment in resolution of certain of the claims and counterclaims made in the above-captioned action.

This Revised Consent Judgment is entered with respect to the following facts.

On or about August 25, 2006, the Court entered its claim construction order in this matter. On September 12, 2006, the parties stipulated, without any waiver or compromise of Dr. Jang's right to appeal, to the entry of partial summary judgment on Dr. Jang's Third Claim for Relief. On or about September 20, 2006, pursuant to the stipulation of the parties, the Court entered an order of partial summary judgment against Dr. Jang on that claim, while preserving his right to appeal that order, as well as the August 25, 2006 claim construction order, in all respects.

On January 30, 2007 the Court entered an order granting summary judgment against Dr. Jang on his claims for rescission and reformation, to the extent such claims were based upon the dispute between the parties pertaining to the scope of Dr. Jang's assignment obligations under the Assignment Agreement and Employment Agreement, and denying summary judgment as to Dr. Jang's remaining claims in this action.

The practical, combined effect of the August 25, 2006 and January 30, 2007 orders, as well as the parties' compromise of their remaining claims, was that there was nothing that remained to be tried of Dr. Jang's breach of fiduciary duty and rescission claims unless the Court of Appeals overturned the Court's August 25, 2006 claim construction order.

On or about May 10, 2007, this Court entered a final consent judgment in this case. Dr. Jang subsequently appealed the September 20, 2006 stipulated summary judgment order and the May 10, 2007 consent judgment. The Court of Appeals for the Federal Circuit reversed the judgment because it did not explain the basis for the determination of non-infringement and remanded the matter for clarification. Docket No. 244. The parties submitted a Revised Stipulation and Proposed Order to address the deficiencies identified by the Federal Circuit in the

---

[1] Boston Scientific SciMed, Inc. was formerly known as SciMed Life Systems, Inc.

previous stipulation, and, pursuant to that stipulation, the Court entered a revised order of partial summary judgment against Dr. Jang on Dr. Jang's Third Claim for Relief, while preserving his right to appeal that order, as well as the August 25, 2006 claim construction order, in all respects.

The parties have advised the Court they have entered into a Confidential Settlement Agreement disposing of all remaining claims in this action, contingent upon the entry of this Revised Consent Judgment and the reservation of certain of Dr. Jang's appellate rights. In accordance with the parties' agreement, and GOOD CAUSE having been shown, the Court here enters Judgment in this matter as follows:

IT IS HEREBY ORDERED that:

1. Pursuant to agreement of the parties, the Court declares, with respect to the parties' declaratory relief claims regarding ownership of the balloon catheter technology, that the technology embodied in Dr. Jang's U.S. Provisional Patent Application No. 60/499,990 and/or U.S. Patent Application Publication No. US 2006/0064064 A1 (Two-Step/Dual-Diameter Balloon Angioplasty Catheter for Bifurcation and Side-Branch Vascular Anatomy) as well as the technology embodied in U.S. Provisional Patent Application No. 60/650,745 (Triple-profile balloon angioplasty catheter system), and/or U.S. Patent Application No. 11/336,416 (Triple-Profile Balloon Catheter), together with any and all divisionals, continuations, and foreign counterparts of any of the foregoing, are not within the scope of Dr. Jang's assignment obligations to BSC under any current or past agreement between the parties;

2. All of BSC's counterclaims are, by consent of the parties, dismissed with prejudice.

3. By consent of the parties, the Court enters judgment in favor of BSC on Dr. Jang's pending claims for breach of fiduciary duty and rescission; provided, however, that Dr. Jang's right of appeal is expressly preserved with respect to these claims, and Dr. Jang shall be permitted to pursue these claims (to the extent they are not based on the now-resolved dispute between the parties regarding the scope of Dr. Jang's assignment obligations, and subject to any and all other defenses BSC may assert) in the event the Court's claim construction order dated August 25, 2006, is reversed or vacated, in whole or in part, by the Court of Appeals.

4. This Revised Consent Judgment is without prejudice to, or compromise of, Dr. Jang's right to appeal the Court's claim construction order in this matter dated August 25, 2006, and the revised stipulated order granting summary judgment on Dr. Jang's Third Claim for Relief, submitted August 18, 2011 and such right of appeal is expressly reserved by and preserved for Dr. Jang;

5. Dr. Jang waives his right to appeal the Court's order dated January 30, 2007, granting in part and denying in part BSC's motion for summary judgment; such waiver, this Revised Consent Judgment, and the Court's Order dated January 30, 2007, are all without prejudice to Dr. Jang's right to pursue his breach of fiduciary duty and rescission claims in the event the Court of Appeals reverses or vacates this Court's claim construction order dated August 25, 2006, to the extent such claims are not based upon the now-resolved dispute between the parties pertaining to the scope of Dr. Jang's assignment obligations under the Assignment Agreement and Employment Agreement;

6. The Court's Orders dated August 25, 2006, and January 30, 2007, remain in force and effect and are otherwise unaffected by this Revised Consent Judgment;

7. The parties shall bear their own costs and fees, including attorneys' fees;

8. All claims in this action having now been adjudicated or dismissed by one or more Orders of this Court, this is the Final Judgment of the Court in this matter; and,

9. The Court retains jurisdiction over the parties for purposes of enforcing this Revised Consent Judgment.

Dated: _____          _____

Hon. Virginia A. Phillips
United States District Judge

| | | |
|---|---|---|
| 1 | Proposed by: | |
| 2 | Dated: August 16, 2011 | Douglas E. Lumish<br>Jeffrey Homrig |
| 3 | | Kasowitz, Benson, Torres & Friedman LLP |
| 4 | | Thomas C. Mundell |
| 5 | | Mundell, Odlum & Haws, LLP |

By: /s/
Douglas E. Lumish
Attorneys for Plaintiff G. David Jang, M.D.

Dated: August 16, 2011           Edward Han
Mathew M. Wolf
John E. Nilsson
Arnold & Porter, LLP

By: /s/
Matthew M. Wolf
Attorneys or Defendants Boston Scientific
Corporation and Scimed Life Systems, Inc.

KASOWITZ, BENSON,
TORRES & FRIEDMAN
LLP
ATTORNEYS AT LAW

- 5 -