1  DOUGLAS E. LUMISH (Bar No. 183863)
   dlumish@kasowitz.com
2  JEFFREY G. HOMRIG (Bar No. 215890)
   jhomrig@kasowitz.com
3  UTTAM G. DUBAL (Bar No. 266007)
   udubal@kasowitz.com
4  Kasowitz, Benson, Torres & Friedman LLP
   333 Twin Dolphin Drive, Suite 200
5  Redwood Shores, CA 94065
   Telephone:  (650) 453-5170
6  Facsimile:   (650) 453-5171

7  THOMAS C. MUNDELL (Bar No. 99081)
   tmundell@mohlaw.net
8  650 E. Hospitality Lane, Suite 470
   San Bernardino, CA 92408-3595
9  Telephone:  (909) 890-9500
   Facsimile:   (909) 890-9580
10

11 Attorneys for Plaintiff
   *G. David Jang, M.D.*
12

13 **ADDITIONAL PARTIES CONTINUED:**

14

15               **UNITED STATES DISTRICT COURT**
16               **CENTRAL DISTRICT OF CALIFORNIA**
                 **EASTERN DIVISION - RIVERSIDE**
17

| | |
|---|---|
| 18  G. DAVID JANG, M.D., | Case No. ED CV 05-00426 VAP SGLx |
| 19          Plaintiff, | **JOINT RULE 26(f) AND LOCAL** |
| 20  v. | **RULE 26-1 REPORT** |
| 21  BOSTON SCIENTIFIC | Date:  December 17, 2012 |
| 22  CORPORATION, a Delaware corporation, and SCIMED LIFE | Time: 1:30pm |
| 23  SYSTEMS, INC., a Minnesota | Place:  Telephonic |
| 24  corporation, | Judge: Hon. Virginia A. Phillips |
| 25          Defendant. | |

26

27

28

1    Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1,

2    counsel for Plaintiff and Counterdefendant G. DAVID JANG, M.D. ("Dr. Jang")

3    and counsel for Defendants and Counterclaimants BOSTON SCIENTIFIC

4    CORPORATION and SCIMED LIFE SYSTEMS, INC. ("Defendants")

5    (collectively referred to as "parties") held a meeting of counsel pursuant to Federal

6    Rule of Civil Procedure 26(f).  Plaintiff and Defendants, through their respective

7    counsel, hereby provide their Joint Rule 26(f) Report on the following matters:

8

9    **I.    INITIAL DISCLOSURES**

10    The parties agree that no changes are needed in the form or requirement for

11    disclosures under Rule 26(a).  Initial disclosures under Rule 26(a)(1) have already

12    been made in September 2005.

13

14    **II.    DISCOVERY PLAN**

15    **A.    Subjects on which discovery may be needed:**

16    Dr. Jang seeks discovery on various issues relating to the parties' claims,

17    including but not limited to: (1) the Assignment, Employment and Option

18    agreements; (2) Defendants' stent devices; (3) manufacturing of Defendants' stents;

19    (4) sales of Defendants' stent products; and (5) Defendants' positions regarding the

20    '021 patent in the Delaware litigation.  This case initially concerned claims relating

21    to two distinct sets of issues: (1) issues related to stent designs and (2) those related

22    to balloon catheters.  After the parties stipulated to summary judgment on the stent

23    issues in September 2006, discovery proceeded on the balloon-catheter issues until

24    those issues settled in May 2007.  Due to the stipulated summary judgment on the

25    stent issues, little discovery was taken on those issues.  For example, all but two of

26    the depositions taken during the course of this case occurred after the stipulated

27    summary judgment was entered on the stent issues.  Consequently, discovery on the

28    stent issues, which are the sole issues now remaining before this Court, is in its

1    infancy.

2          Defendants contend that further discovery should be limited to: (1) updating

3    the sales of Defendants' Express stent products; and (2) discovery necessitated by

4    any subsequent *Markman* rulings by the Court.  Adequate discovery has previously

5    been provided on all of the topics referenced above, including extensive discovery

6    taken prior to the stipulated entry of summary judgment.

7        **B.**   **Discovery Schedule:**

8          The parties have largely agreed to the proposed schedule set forth in Exhibit

9    A.  The only disagreement is with regards to whether a date needs to be set in the

10   schedule for end of fact discovery.

11       **C.**   **Discovery Phases:**

12         The parties agree that, at present, there is no need to conduct discovery in

13   phases or limit it further than what is described above, in Section II.A.

14

15   **III.**   **DISCOVERY LIMITATIONS**

16       **A.**   **Discovery Plan of Plaintiff**

17       Plaintiff seeks the following additional discovery:

18           1.  15 additional Interrogatories

19           2.  Requests for Production of Documents

20           3.  Requests for Admissions

21           4.  10 or fewer additional depositions of Defendants

22           5.  Subpoena documents and depositions

23       **B.**   **Discovery Plan of Defendants**

24         Defendants contend that no additional discovery is required at this time,

25   except that reasonably necessary to update the sales of Defendants' Express stent

26   products, and that the parties should be bound by the discovery limitations set forth

27   in the federal and local rules.  Should any subsequent *Markman* rulings by the

28   Court necessitate further discovery, Defendants will meet and confer with Plaintiff

1  regarding the appropriate extent, form and timing of such discovery.

2

3  **IV.   OTHER MATTERS**

4      **A.   Protective Order [Rule 26(c)]**

5      The parties are bound to abide by the protective order entered in this case on

6  August 1, 2006 (DI 97).

7      **B.   Claim Construction**

8      Dr. Jang requests further claim construction proceedings to address claim

9  construction disputes in light of the Federal Circuit's decision and reasoning (2012

10  WL 3590823).   The parties have proposed a schedule that accommodates such

11  proceedings.

12

13  **V.   LOCAL RULE REQUIREMENTS [L.R. 26-1]**

14      **A.   Complexity of the Case**

15      The parties agree this is not a complex action and does not require the

16  utilization of any of the procedures of the Manual for Complex Litigation.

17      **B.   Motion Schedule**

18      The parties have agreed to the proposed motion schedule set forth in

19  Exhibit A.  There are no pending dispositive motions before the Court.

20      **C.   Settlement**

21      In August 2005, the parties agreed to conduct informal settlement discussions

22  before a district or magistrate judge selected from the Civil Settlement Panel.  More

23  recently, the parties have participated in mediation, including a telephonic

24  mediation on December 6, 2012.   The parties will continue informal settlement

25  discussions as this case proceeds.

26      **D.   Trial Estimate**

27      The parties agree that a trial of the claims and counterclaims will require

28  approximately four trial days.

**E.    Additional Parties**

At this time, the parties do not anticipate that additional parties will be added to the case.

**F.    Related Cases**

Concurrently, there is a parallel case pending in the District of Delaware between Dr. Jang and Boston Scientific Scimed, Inc. and Boston Scientific Corporation.  The case also involves one of the two patents asserted in this case (the '021 Patent).  Currently, that case (1:10-cv-00681-SLR) is on appeal to the United States Court of Appeals for the Third Circuit.

**G.    Expert Witness Disclosures**

The parties have agreed to the proposed schedule for the exchange of expert disclosures set forth in Exhibit A.


DATED:  December 10, 2012


KASOWITZ, BENSON, TORRES & FRIEDMAN LLP                    ARNOLD & PORTER LLP


*s/ Jeffrey G. Homrig*                              *s/  Edward Han*
DOUGLAS E. LUMISH (Bar No. 183863)                  Nicholas Lee
dlumish@kasowitz.com                                nicholas.lee@porter.com
JEFFREY G. HOMRIG (Bar No. 215890)                  ARNOLD & PORTER LLP
jhomrig@kasowitz.com                                777 S. Figueroa Street, 44th Floor
UTTAM G. DUBAL (Bar No. 266007)                     Los Angeles, CA  90017
udubal@kasowitz.com                                 Telephone:  (213) 243-4000
Kasowitz, Benson, Torres & Friedman                 Facsimile:  (213) 243-4199
LLP
333 Twin Dolphin Drive, Suite 200                   Edward Han *(pro hac vice)*
Redwood Shores, CA 94065                            edward.han@aporter.com
Telephone:   (650) 453-5170                         Matthew W. Wolf *(pro hac vice)*
Facsimile:    (650) 453-5171                         matthew.wolf@aporter.com
                                                    John Nilsson *(pro hac vice)*
THOMAS C. MUNDELL (Bar No. 99081)                   john.nilsson@aporter
tmundell@mohlaw.net                                 ARNOLD & PORTER LLP
650 E. Hospitality Lane, Suite 470                  555 Twelfth Street, NW
San Bernardino, CA 92408-3595                       Washington, DC  20004
                                                    Telephone:  (202) 942-5000

1

Telephone:   (909) 890-9500
Facsimile:   (909) 890-9580

2

Facsimile:  (202) 942-5999

3

Attorneys for Plaintiff
G. David Jang, M.D.

Attorneys for Defendants
*Boston Scientific Corporation and*
*SciMed Life Systems, Inc*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT RULE 26(f) AND LOCAL
RULE 26-1 REPORT

5

Case No. ED CV 05-00426-VAP SGLx

**Exhibit A**

| Event or Requirement | Proposed Date |
|---|---|
| Opening *Markman* Briefs | July 19, 2013 |
| Rebuttal *Markman* Briefs | August 2, 2013 |
| *Markman* Hearing | September 9, 2013 |
| Fact Discovery Cutoff Date | Dr. Jang: Nov. 1, 2013 BSC: N/A |
| Last date to Exchange Rule 26(a)(2) Expert Disclosures | November 15, 2013 |
| Last Day for Rule 26(e)(1) Supplementation | November 27, 2013 |
| Last Day to Exchange Rebuttal Expert Reports | December 13, 2013 |
| Expert Discovery Cutoff Date | December 20, 2013 |
| Last Day to File Dispositive Motions | January 10, 2014 |
| Last Day to File Oppositions to Dispositive Motions | January 31, 2014 |
| Last Day for Counsel to Hold Rule 16 Conference | February 7, 2014 |
| Last Day to File Replies to Dispositive Motions | February 14, 2014 |
| Last Hearing Date for Dispositive Motions | February 28, 2014 |
| Last Day for Mandatory Settlement Conference | March 14, 2014 |
| Last Day to File Memoranda of Contentions of Fact and Law | March 14, 2014 |
| Last Day to File Exhibit and Witness Lists | March 14, 2014 |
| Last Day to File Joint Report re Settlement Conference | March 21, 2014 |
| Last Day to Lodge Proposed Pretrial Conference Order | March 21, 2014 |
| Last Day to File Motions in Limine and *Daubert* motions | March 24, 2014 |
| Last Day to File Oppositions to Motions in Limine and *Daubert* motions | March 31, 2014 |
| Final Pretrial Conference | April 21, 2014 |
| Hearing Date for Motions in Limine and *Daubert* motions | April 21, 2014 |
| Trial (4 days) | April 29, 2014 |