1  Brian Martinez (State Bar No. 274210)
   Brian.Martinez@aporter.com
2  ARNOLD & PORTER LLP
3  777 South Figueroa Street
   Los Angeles, California 90017-5844
4  Telephone: 213.243.4000
5  Facsimile: 213.243.4199

6
   Matthew Wolf (*pro hac vice*)
7  Matthew.Wolf@aporter.com
   Edward Han (*pro hac vice*)
8  Ed.Han@aporter.com
9  John Nilsson (*pro hac vice*)
   John.Nilsson@aporter.com
10 ARNOLD & PORTER LLP
11 555 Twelfth Street NW
   Washington, DC 20004-1206
12 Telephone: 202.942.5000
13 Facsimile: 202.942.5999

14 Attorneys for Defendants

15               UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17              EASTERN DIVISION - RIVERSIDE

18 | G. DAVID JANG, M.D., | ) | Case No. ED CV 05-00426 VAP |
   |---|---|---|
19 | | ) | |
   | Plaintiff, | ) | **DEFENDANTS BOSTON** |
20 | | ) | **SCIENTIFIC CORP.'S AND** |
21 | v. | ) | **SCIMED LIFE SYSTEMS, INC.'S** |
   | | ) | **NOTICE OF MOTION AND** |
22 | | ) | **MOTION TO STRIKE PLAINTIFF'S** |
   | BOSTON SCIENTIFIC | ) | **EXPERT DECLARATION ON** |
23 | CORPORATION, a Delaware | ) | **CLAIM CONSTRUCTION AND** |
   | Corporation, and SCIMED LIFE | ) | **PORTIONS OF PLAINTIFF'S** |
24 | SYSTEMS, INC., a Minnesota | ) | **REBUTTAL BRIEF** |
25 | Corporation, | ) | |
   | | ) | |
26 | | ) | |
   | Defendants. | ) | **September 23, 2013 Hearing at 2 p.m.** |
27 | | ) | |

28

---

DEFENDANTS BOSTON SCIENTIFIC CORP.'S AND SCIMED LIFE SYSTEM, INC.'S MOTION TO STRIKE
PORTIONS OF JANG'S REBUTTAL CLAIM CONSTRUCTION BRIEF AND EXPERT DECLARATION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on September 23, 2013, at 2:00 p.m., or as soon as this matter may be heard, in Courtroom 2 of this Court, located at 3470 Twelfth Street, Riverside, CA 92501-3801, Defendants will move this Court for an order striking Plaintiff's expert declaration and portions of Plaintiff's rebuttal brief in support of Plaintiff's rebuttal *Markman* submission.  This Motion has been made necessary by Plaintiff's failure to follow this Court's Scheduling Order for *Markman* briefing, while instead improperly reserving substantial new material for rebuttal briefing.  Such material should have been disclosed during opening briefing.  The Plaintiff's actions in this regard have resulted in substantial prejudice to Defendants.

Prior to filing this Motion, the parties conferred pursuant to L.R. 7-3, with the conference of counsel taking place on August 13, 2013.  The parties further discussed this Motion within the 7-3 period in an attempt to minimize or eliminate entirely the need for this Motion.  Plaintiff's counsel  later confirmed that Plaintiff would oppose Defendants' Motion in its entirety.

This Motion will be based on this Notice and accompanying papers, the files and records in this action, and any further evidence or argument that this Court may properly receive at or before the hearing.

- 1 -

Dated:  August 20, 2013

By: /s/ *Brian Martinez*

Brian Martinez (State Bar No. 274210)
Brian.Martinez@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street
Los Angeles, California 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

Matthew Wolf (*pro hac vice*)
Matthew.Wolf@aporter.com
Edward Han (*pro hac vice*)
Ed.Han@aporter.com
John Nilsson (*pro hac vice*)
John.Nilsson@aporter.com
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004-1206
Telephone: 202.942.5000
Facsimile: 202.942.5999

*Attorneys for Defendants*
*Boston Scientific Corporation and*
*Scimed Life Systems, Inc*.

DEFENDANTS BOSTON SCIENTIFIC CORP.'S AND SCIMED LIFE SYSTEM, INC.'S MOTION TO STRIKE
PORTIONS OF JANG'S REBUTTAL CLAIM CONSTRUCTION BRIEF AND EXPERT DECLARATION

1

**TABLE OF CONTENTS**

2

3                                                                              Page

4    I.      INTRODUCTION ...................................................................................... 1

5    II.     BACKGROUND ......................................................................................... 2

6    III.    ARGUMENT............................................................................................... 3

7    IV.     CONCLUSION .......................................................................................... 6

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS BOSTON SCIENTIFIC CORP.'S AND SCIMED LIFE SYSTEM, INC.'S MOTION TO STRIKE
PORTIONS OF JANG'S REBUTTAL CLAIM CONSTRUCTION BRIEF AND EXPERT DECLARATION

# TABLE OF AUTHORITIES

<u>Page(s)</u>

**CASES**

*Integrated Liner Technologies, Inc. v. Specialty Silicone Products, Inc.*,
    1:09-CV-1285 GLS/DEP, 2011 WL 5080191 (N.D.N.Y. Apr. 7, 2011) ...3, 4, 5

*Mallinckrodt, Inc. v. Masimo Corp.*,
    254 F. Supp. 2d 1140 (C.D. Cal. 2003) ......................................................... 4

*Plumley v. Mockett*,
    836 F. Supp. 2d 1053 (C.D. Cal. 2010) .......................................................... 5

*SPX Corp. v. Bartec USA, LLC*,
    06-14888, 2008 WL 1749479 (E.D. Mich. Apr. 11, 2008) .............................. 5

*Sundberg v. Keller Ladder*,
    189 F. Supp. 2d 671 (E.D. Mich. 2002) ......................................................... 5


**STATUTES AND RULES**

Fed. R. Civ. P. 16(f) ............................................................................................. 5

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) ..................................................................... 5

L.R. 7-5(a)-(b) ...................................................................................................... 1

DEFENDANTS BOSTON SCIENTIFIC CORP.'S AND SCIMED LIFE SYSTEM, INC.'S MOTION TO STRIKE
PORTIONS OF JANG'S REBUTTAL CLAIM CONSTRUCTION BRIEF AND EXPERT DECLARATION

1    Defendants Boston Scientific Corporation and Boston Scientific Scimed, Inc.

2    (collectively, "BSC") respectfully move to strike the Declaration of Michael Lee

3    (Dkt. 365, 369) and those portions of the Rebuttal *Markman* Brief (Dkt. 363, 367)

4    submitted by Plaintiff G. David Jang ("Dr. Jang") that rely on evidence that should

5    have been disclosed in Dr. Jang's Opening *Markman* Brief.

6    **I.    INTRODUCTION**

7    The Court's Scheduling Order (Dkt. 321) required the parties to file

8    simultaneous Opening *Markman* Briefs on July 19, 2013 and to follow them with

9    Rebuttal *Markman* Briefs on August 2, 2013.  The intent of this phased schedule was

10   self-evident.  Each opening brief would provide the party's full claim construction

11   positions, along with points, authorities and evidence in support, *see* L.R. 7-5(a)-(b);

12   and the rebuttal briefs would allow a succinct response to the points raised by the

13   opposing party.  Notably absent from the Scheduling Order was a third round of

14   briefing, making it all the more important for the parties to set forth their positions

15   and evidence in full in their opening briefs.  BSC complied with these requirements.

16   It filed a twenty-six page Opening Brief that fully laid out its positions and the

17   evidence in support of them (*see* Dkt. 351, 353).  Accompanying it was the

18   Declaration of Dr. James Moore (Dkt. 352), which BSC cited and relied upon in its

19   Opening Brief.  BSC's eleven-page rebuttal specifically responded to Dr. Jang's

20   positions and offered no additional evidence.  In contrast, Dr. Jang waited until his

21   "Rebuttal" brief to offer  numerous arguments and virtually all of the evidence cited

22   to support his proposed claim construction positions, including the declaration of Mr.

23   Michael Lee, a 29-page, 83-paragraph expert declaration and over 100 pages of new

24   supporting evidence.  (Dkt. 369, 365.)  In so doing, Dr. Jang effectively circumvented

25   the briefing schedule laid out in the Court's Scheduling Order.  Accordingly,  BSC

26   requests that the Court strike Mr. Lee's Declaration and those portions of Dr. Jang's

27   Rebuttal Brief relying on it and on evidence that should have been disclosed in his

28   Opening *Markman* Brief.

- 1 -

## II.   BACKGROUND

Dr. Jang's Opening *Markman* Brief cited no extrinsic evidence  (and very little intrinsic evidence) in support of his supposed "plain meaning" claim constructions (Dkt. 355 at 1, 3-4, 8, 9, 23).  In contrast, Dr. Jang's 25-page Rebuttal discusses for the first time various prior art references not raised by BSC, as well as other supposed features of the prior art.[1]  For instance, Dr. Jang argues for the first time that "[]the relevant extrinsic evidence supports Dr. Jang's proposed construction" of "connecting strut column." (Dkt. 367 at 11-14.)  And having failed to cite any prior art in his Opening Brief, Dr. Jang's Rebuttal Brief cites for the first time prior art references such as the Palmaz, Dotter, Maass, Wall and Lau stents and claims that they support that construction.

Similarly, Dr. Jang's discussion of "expansion struts" and "expansion strut pairs" in his Opening Brief lacked any citation to supporting extrinsic evidence (and had virtually no citation to supporting intrinsic evidence also).  On rebuttal, Dr. Jang argues for the first time that extrinsic evidence also supports his constructions of "expansion strut" and "expansion strut pair." (Dkt. 367 at 24-25.)  Dr. Jang takes the same tack with "expansion column."  Whereas his Opening Brief contained no evidence to support his assertion that "[r]ing structures are preferred, not required," Dr. Jang's Rebuttal Brief cites for the first time extrinsic evidence that supposedly supports the same position. (Dkt. 367 at 21-22; Dkt. 369 ¶ 69; Dkt. 355 at 25-26.)

Perhaps more grievous is Dr. Jang's reliance for the first time in Rebuttal on the Declaration of Mr. Michael Lee.  In Dr. Jang's Opening Brief, there was absolutely no discussion concerning the perspective of one of ordinary skill in the art

---

[1] As discussed in BSC's claim construction briefs, the effect of Dr. Jang's position is that any particular element in an accused stent may be deemed to be one or more of the claimed elements (*e.g.*, the same element may be a "connecting strut" or an "expansion strut" and may be part of a "connecting strut column" or an "expansion column," depending on Dr. Jang's own creative assessment of the accused device).

- 2 -

on the disputed claim terms — despite Dr. Jang's acknowledgment that "patent claims are entitled to their customary meaning ***as understood by a person of skill in the art***." (Dkt. 355 at 2 (emphasis added).)  Dr. Jang seeks to correct this omission on rebuttal, introducing Mr. Lee's opinions concerning the level of ordinary skill in the art and opining on what the person of ordinary skill in the art would have known or understood at the time of the invention.  (Dkt. 369, ¶¶ 35-37.) [2]

Addressing the specific claim terms in dispute, Mr. Lee does not merely respond to points made by Dr. James Moore in his Declaration in Support of BSC's Opening Brief.  Rather, Mr. Lee endorses and purports to support Dr. Jang's original constructions.  For instance, Mr. Lee states that he has "reviewed Dr. Jang's proposed construction of 'connecting strut column' . . . and find[s] it consistent with the claim language and plain and ordinary meaning of the claim term to one of ordinary skill in the art at the time of the invention." (Dkt. 369 ¶ 51; *see also id*. ¶ 43 (stating he is responding to BSC's *proposed construction*, not anything in BSC's Opening Brief).)  Likewise, he states, "***I have reviewed Dr. Jang's proposed constructions*** of 'expansion strut' and 'expansion strut pair' in the patents-in-suit ***and find them to be consistent with the claim language and plain and ordinary meaning of the claim term to one of ordinary skill in the art at the time of the invention***." (Dkt. 369 at ¶ 83) (emphasis added).

## III.   ARGUMENT

*Markman* schedules, like the one adopted by this Court, typically "envision[] an orderly presentation of the parties' positions to the court," *Integrated Liner Techs., Inc. v. Specialty Silicone Prods., Inc.*, No. 1:09-CV-1285 GLS/DEP, 2011 WL 5080191, at *2 (N.D.N.Y. Apr. 7, 2011) *report and recommendation adopted by* 2011 WL 5080161 (N.D.N.Y. Oct. 26, 2011), with a detailed exchange of claim

---

[2] Dr. Jang's Rebuttal Brief sections that argue what the person of ordinary skill in the art would have known or understood should also be stricken. (Dkt. 367 at 14:3-7, 16:5-25, 24:11-25.)

DEFENDANTS BOSTON SCIENTIFIC CORP.'S AND SCIMED LIFE SYSTEM, INC.'S MOTION TO STRIKE PORTIONS OF JANG'S REBUTTAL CLAIM CONSTRUCTION BRIEF AND EXPERT DECLARATION

1    construction positions up front so that each party has a full and fair opportunity to

2    respond to the other party's positions and evidence.  By withholding Mr. Lee's

3    declaration until rebuttal (as well as those arguments based on it), Dr. Jang effectively

4    prevented BSC from responding.

5          Rather than countenance this tactic, the Court should strike Mr. Lee's

6    declaration in its entirety.  This was the approach taken in *Mallinckrodt, Inc. v.*

7    *Masimo Corp.*, 254 F. Supp. 2d 1140, 1157 (C.D. Cal. 2003).  Like Dr. Jang, the

8    defendant in *Mallinckrodt* offered expert declarations purporting to "respond" to or

9    rebut arguments or evidence in its opponent's opening papers.  The Court rejected

10   this argument, however, explaining that "[t]o say then, that the New Declarations …

11   was offered only in response to [plaintiff's] declarations, would be to ignore the

12   purpose of the claim construction hearing, the purpose of the Schedule, and the

13   parties' understanding of the claim construction process."  *Id.*  As the Court

14   explained, "[w]hile the New Declarations do assert that [plaintiff's] constructions are

15   wrong, ***they do so by simultaneously asserting that [defendant's] constructions are***

16   ***right***." *Id.* (emphasis added).  Because this use of an expert declaration on claim

17   construction withheld until rebuttal violated the Court's phased Markman briefing

18   schedule, the Court struck the declarations in question.

19         At a minimum, the Court should strike those portions of Mr. Lee's declaration

20   that do not respond directly to BSC's Opening Brief or to Dr. Moore's Declaration.

21   These portions would include paragraphs 35-37, 43-51, 53-56, 61-64, 66, 69-76, 78-

22   83 and the Exhibits identified as Docket Numbers 369-1, 369-2, 369-3, 369-7, 369-8,

23   369-9.  There is absolutely no reason these paragraphs and exhibits could not have

24   been included in Dr. Jang's Opening Brief, and they should be struck.  The Court's

25   analysis in *Integrated Liner Technologies* is instructive in this regard.  Like BSC, the

26   defendant in *Integrated Liner* accompanied its opening claim construction brief with

27   an expert declaration supporting its papers, but the plaintiff did not.  2011 WL

28   5080191, at *2 (citations to docket omitted).  "Under the guise of rebutting [the

- 4 -

DEFENDANTS BOSTON SCIENTIFIC CORP.'S AND SCIMED LIFE SYSTEM, INC.'S MOTION TO STRIKE
PORTIONS OF JANG'S REBUTTAL CLAIM CONSTRUCTION BRIEF AND EXPERT DECLARATION

1   defendant's expert] declaration[,]" the plaintiff submitted an expert declaration along

2   with its rebuttal papers.  *Id.*  Explaining that many portions of that declaration could

3   have and "should have been disclosed with plaintiff's opening submission[,]" the

4   *Integrated Liner* court struck the offending portions of the expert declaration.  *Id.*; *see*

5   *also SPX Corp. v. Bartec USA, LLC*, No. 06-14888, 2008 WL 1749479, at *2-3 (E.D.

6   Mich. Apr. 11, 2008) (noting that court would have stricken portions of declaration as

7   improper rebuttal evidence had plaintiff so moved).

8           Similarly, this Court can and should — at a minimum — strike those portions

9   of Mr. Lee's declaration and its attachments that should have been disclosed along

10  with Dr. Jang's Opening Claim Construction Brief (paragraphs 35-37, 43-51, 53-56,

11  61-64, 66, 69-76, 78-83 to the Lee Declaration and the Exhibits 369-1, 369-2, 369-3,

12  369-7, 369-8, 369-9).  The Court should also strike those portions of Dr. Jang's

13  Rebuttal Brief relying on evidence that should have been cited in his Opening Brief.[3]

14  *See Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 682-83 (E.D. Mich. 2002) ( "[I]t

15  is not the office of a reply brief to raise issues for the first time.")  Like the parties

16  whose papers were struck in these cases,[4] Dr. Jang had every opportunity to cite to

17  extrinsic evidence and to submit an expert declaration with his Opening Brief, but

18  declined to do so.   His decision to wait until rebuttal to identify evidence and

19  arguments that should have been included in his opening papers should not be

20  countenanced.

21
22  [3]  These would include the following pages and line numbers: 11:6-14:21, 16:5-18:1, 21:22-22:15, 24:11-25:9.

23  [4]  These cases striking improper *Markman* rebuttal argument and evidence are
24  consistent with Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A)(ii)-(vii),
    which permit the Court to strike pleadings, arguments or evidence, in whole or in
25  part, where a party "fails to obey a scheduling or other pretrial order."  *See also*
26  *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (excluding portions
    of expert report supplemented under Rule 26(e) because the Rule "does not give
27  license to sandbag one's opponent with claims and issues which should have been
28  included in the expert witness' report").

- 5 -

1

## IV.   CONCLUSION

2

3

4

5

6

For the reasons set forth above, BSC respectfully requests that the Court strike Mr. Lee's Expert Declaration in its entirety, as well as those portions of Dr. Jang's Rebuttal *Markman* Brief identified below.  Alternatively, BSC respectfully requests that the Court strike the following portions of Mr. Lee's Declaration and Dr. Jang's Rebuttal *Markman* Brief.[5]

7

8

9

10

11

12

13

14

15

| Dr. Jang rebuttal document | Argument And Evidence Wrongly Withheld Until Rebuttal |
|---|---|
| Expert Declaration of Michael Lee (Dkt. 365, 369) | ¶¶: 35-37, 43-51, 53-56, 61-64, 66, 69-76, 78-83 |
| Exhibits to the Declaration of Michael Lee | Dkt. Nos.:  369-1, 369-2, 369-3, 369-7, 369-8, 369-9 |
| Rebuttal Markman Brief (Dkt. 363, 367) | Page and line numbers:  11:6-14:21, 16:5-18:1, 21:22-22:15, 24:11-25:9. |

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[5] As a result of Dr. Jang's actions, BSC is forced to seek this Court's relief via an *ex parte* application for expedited briefing, filed concurrently herewith, so that the Court may hear this motion at the *Markman* hearing scheduled for September 9.

DEFENDANTS BOSTON SCIENTIFIC CORP.'S AND SCIMED LIFE SYSTEM, INC.'S MOTION TO STRIKE
PORTIONS OF JANG'S REBUTTAL CLAIM CONSTRUCTION BRIEF AND EXPERT DECLARATION

1

Dated:  August 20, 2013

By: /s/ *Brian Martinez*

2

Brian Martinez (State Bar No. 274210)
Brian.Martinez@aporter.com

3

ARNOLD & PORTER LLP
777 South Figueroa Street

4

Los Angeles, California 90017-5844

5

Telephone: 213.243.4000
Facsimile: 213.243.4199

6

7

Matthew Wolf (*pro hac vice*)

8

Matthew.Wolf@aporter.com
Edward Han (*pro hac vice*)

9

Ed.Han@aporter.com
John Nilsson (*pro hac vice*)

10

John.Nilsson@aporter.com

11

ARNOLD & PORTER LLP
555 Twelfth Street NW

12

Washington, DC 20004-1206

13

Telephone: 202.942.5000
Facsimile: 202.942.5999

14

15

*Attorneys for Defendants*

16

*Boston Scientific Corporation and*
*Scimed Life Systems, Inc*.

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -