Brian Martinez (State Bar No. 274210)
Brian.Martinez@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street
Los Angeles, California 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

Matthew Wolf (*pro hac vice*)
Matthew.Wolf@aporter.com
Edward Han (*pro hac vice*)
Ed.Han@aporter.com
John Nilsson (*pro hac vice*)
John.Nilsson@aporter.com
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004-1206
Telephone: 202.942.5000
Facsimile: 202.942.5999

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION - RIVERSIDE

| | |
|---|---|
| G. DAVID JANG, M.D., <br><br> Plaintiff, <br><br> v. <br><br> BOSTON SCIENTIFIC CORPORATION, a Delaware Corporation, and SCIMED LIFE SYSTEMS, INC., a Minnesota Corporation, <br><br> Defendants. | Case No. ED CV 05-00426 VAP <br><br> **DEFENDANTS'** ***EX PARTE*** **APPLICATION TO SHORTEN THE SCHEDULE FOR HEARING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT DECLARATION ON CLAIM CONSTRUCTION AND PORTIONS OF PLAINTIFF'S REBUTTAL BRIEF** |

Defendants Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively, "BSC") respectfully apply *ex parte* for an order shortening the schedule for hearing BSC's concurrently filed motion to strike the Declaration of Michael Lee (Dkt. 365, 369) and those portions of the Rebuttal *Markman* Brief (Dkt. 363, 367) submitted by Plaintiff G. David Jang ("Dr. Jang") that rely on evidence that should have been disclosed in Dr. Jang's Opening *Markman* Brief.

This application is made upon the grounds that BSC has dutifully complied with this Court's Scheduling Order (Dkt. 321) in filing an opening *Markman* brief that fully set forth BSC's claim construction positions, including extrinsic evidence, such that Dr. Jang could fully and fairly respond to BSC's positions. Dr. Jang, on the other hand, filed and served an opening *Markman* brief that disclosed very little intrinsic evidence, and absolutely no extrinsic evidence that Dr. Jang was relying on in supporting his claim constructions proposed to this Court. Instead, Dr. Jang waited until <u>rebuttal</u> briefing to offer numerous arguments and virtually all of the evidence cited to support his proposed claim construction positions, including the declaration of Mr. Michael Lee—a 29-page, 83-paragraph expert declaration and over 100 pages of new supporting evidence.

The *Markman* hearing in this matter is scheduled to take place on September 9, 2013. If briefing on BSC's motion to strike were to proceed according to a normal schedule, it would not be completed until the day of the *Markman* hearing itself. As a consequence, it would be unclear during the hearing what evidence offered by Dr. Jang was rightly part of the record. Furthermore, under the normal briefing schedule, a hearing on BSC's motion would take place weeks after the September 9, 2013 *Markman* hearing date. It would constitute an inefficient use of judicial resources (and the parties' resources) to hold a separate hearing weeks after the *Markman* hearing on an issue that is so intertwined with the *Markman* proceedings.

Accordingly, BSC respectfully proposes that the Court set the following schedule for hearing BSC's concurrently filed motion to strike:

- Opposition is to be filed by Dr. Jang on or before August 27, 2013;
- Reply, if any, is to be filed by BSC on or before September 3, 2013;
- BSC's motion to strike to be heard, if necessary, on September 9, 2013 at 2 p.m., prior to the *Markman* hearing.

Good cause is shown for the relief sought for the reasons set forth in this application and the accompanying Memorandum of Points and Authorities.

As required by Local Rule 7-19, counsel for BSC gave notice of this application to counsel for Dr. Jang via email on August 12, 2013, via meet and confer telephone conference on August 13, 2013, via voicemail on August 19, 2013, and via email on August 19, 2013. Plaintiff's counsel's contact information is as follows:

JEFFREY J. TONEY (*pro hac vice*)
jtoney@kasowitz.com
JONATHAN K. WALDROP (*pro hac vice*)
jwaldrop@kasowitz.com
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1349 West Peachtree Street, N.W., Suite 1500
Atlanta, GA 30309
Tel: (404) 260-6080; Fax: (404) 260-6081

N.E.B. MINNEAR (Bar No. 230190)
jminnear@kasowitz.com
JED I. BERGMAN (*pro hac vice*)
jbergman@kasowitz.com
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700; Fax: (212) 506-1800

UTTAM G. DUBAL (Bar No. 266007)
udubal@kasowitz.com
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
Tel: (650) 453-5170; Fax: (650) 453-5171

JAMES A. ODLUM (Bar No. 109766)
jodlum@mohlaw.com

1
2
3

MUNDELL, ODLUM & HAWS, LLP
650 E. Hospitality Lane, Suite 470
San Bernardino, CA 92408-3595
Tel: (909) 890-9500; Fax: (909) 890-9580

4
5
6
7
8

Plaintiff's counsel has indicated that Plaintiff will oppose BSC's application. In accordance with the Court's procedures, counsel for Dr. Jang was notified that any opposition to this application is due no later than twenty-four hours after facsimile service of this application.

9
10
11
12
13
14

Dated:  August 20, 2013

By: /s/ *Brian Martinez*
Brian Martinez (State Bar No. 274210)
Brian.Martinez@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street
Los Angeles, California 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

15
16
17
18
19
20
21
22

Matthew Wolf (*pro hac vice*)
Matthew.Wolf@aporter.com
Edward Han (*pro hac vice*)
Ed.Han@aporter.com
John Nilsson (*pro hac vice*)
John.Nilsson@aporter.com
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004-1206
Telephone: 202.942.5000
Facsimile: 202.942.5999

23
24

*Attorneys for Defendants*
*Boston Scientific Corporation and*
*Scimed Life Systems, Inc*.

25
26
27
28

- 3 -

DEFENDANTS *EX PARTE* APPLICATION TO SHORTEN THE SCHEDULE FOR HEARING
DEFENDANTS' MOTION TO STRIKE PORTIONS OF DR. JANG'S REBUTTAL CLAIM
CONSTRUCTION BRIEF AND EXPERT DECLARATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Through this *ex parte* application, BSC seeks an order shortening the schedule for hearing BSC's concurrently filed motion to strike portions of Dr. Jang's rebuttal *Markman* submission. This application is made upon the grounds that BSC has dutifully followed this Court's Scheduling Order for *Markman* briefing and has diligently investigated its right to relief regarding Dr. Jang's improper rebuttal *Markman* submission in the face of the impending *Markman* hearing. This application is made because BSC will suffer prejudice if the schedule for hearing BSC's motion to strike is not shortened. The application is necessary because mere weeks before the *Markman* hearing, Dr. Jang prejudiced BSC by improperly reserving substantial new evidence for his rebuttal *Markman* submission rather than disclosing such evidence and argument in opening briefing as BSC did.

## II. STATEMENT OF FACTS

The Court's Scheduling Order (Dkt. 321) required the parties to file simultaneous Opening *Markman* Briefs on July 19, 2013 and to follow them with Rebuttal *Markman* Briefs on August 2, 2013. The intent of this phased schedule was self-evident. Each opening brief would provide the party's full claim construction positions, along with points, authorities and evidence in support, *see* L.R. 7-5(a)-(b); and the rebuttal briefs would allow a succinct response to the points raised by the opposing party. Notably absent from the Scheduling Order was a third round of briefing, making it all the more important for the parties to set forth their positions and evidence in full in their opening briefs. BSC complied with these requirements. It filed a twenty-six page Opening Brief that fully laid out its positions and the evidence in support of them (*see* Dkt. 351, 353). Accompanying it was the Declaration of Dr. James Moore (Dkt. 352), which BSC cited and relied upon in its Opening Brief. BSC's eleven-page rebuttal specifically responded to Dr. Jang's positions and offered no additional evidence. In contrast, Dr. Jang waited until his

- 4 -

"Rebuttal" brief to offer numerous arguments and virtually all of the evidence he relies on to support his proposed claim construction positions, including the declaration of Mr. Michael Lee, a 29-page, 83-paragraph expert declaration and over 100 pages of new supporting evidence. (Dkt. 369, 365.) In so doing, Dr. Jang effectively circumvented the briefing schedule laid out in the Court's Scheduling Order.

On August 12, 2013, counsel for BSC contacted counsel for Dr. Jang via email seeking to meet and confer pursuant to Local Rules 7-3 and 7-19.1 regarding BSC's intent to file a motion to strike in order to obtain relief regarding Dr. Jang's rebuttal *Markman* submission that contained substantial material that was improperly reserved for rebuttal. In addition, counsel for BSC notified counsel for Dr. Jang that BSC needed to discuss an expedited briefing schedule in light of the Court's impending *Markman* Hearing scheduled for September 9 and that BSC planned to file an *ex parte* application seeking an expedited briefing schedule to allow for the Court to hear BSC's motion at the *Markman* Hearing. Counsel for BSC also indicated that BSC wanted to discuss the specifics of such a schedule and whether Dr. Jang would oppose BSC's application.

Counsel for BSC and counsel for Dr. Jang met and conferred via telephone conference on August 13, 2013. After discussing BSC's motion to strike, counsel for Dr. Jang indicated that Dr. Jang believes that none of the material raised in Dr. Jang's rebuttal *Markman* submission was improperly reserved for rebuttal. Counsel for BSC then discussed BSC's need to apply to shorten the briefing schedule on the motion to strike and proposed the aforementioned schedule. Dr. Jang's counsel indicated that they would likely oppose the application because in Dr. Jang's view, the Court could deal with the motion to strike after the *Markman* hearing. Plaintiff's counsel later confirmed that Dr. Jang would be opposing BSC's motion to strike and *ex parte* application in full.

- 5 -
DEFENDANTS *EX PARTE* APPLICATION TO SHORTEN THE SCHEDULE FOR HEARING DEFENDANTS' MOTION TO STRIKE PORTIONS OF DR. JANG'S REBUTTAL CLAIM CONSTRUCTION BRIEF AND EXPERT DECLARATION

## III. ARGUMENT

BSC seeks the limited relief of an order that modestly shortens the schedule for hearing BSC's concurrently filed motion to strike. This will permit BSC's motion to be fully briefed before the *Markman* hearing and will also avoid the inefficiency of a second hearing on the issue. This will also facilitate a ruling by the time of the *Markman* hearing, thus making clear for purposes of the Parties, the Court and the record what evidence was before the Court on issues of claim construction. Granting BSC's application will not prejudice Dr. Jang because Dr. Jang will have ample time (a week) to respond to BSC's six-page motion to strike.

To obtain *ex parte* relief, the moving party must explain "why the regular noticed motion procedures must be bypassed" and that it is without fault in creating the "crisis" giving rise to the need for *ex parte* relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.,* 883 F. Supp. 488, 492 (C.D. Cal. 1995). Further, to justify *ex parte* relief, the moving party must show that its cause "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Id.* BSC's *ex parte* application meets these criteria.

The noticed motion procedures must be bypassed for the reasons stated above. Specifically, if the briefing schedule remains unaltered, briefing will not be complete until the date of the *Markman* hearing, and a second hearing would need to be scheduled on an issue that should be resolved before or at the first hearing. BSC had no role in these circumstances. Instead, they arose because Dr. Jang chose to wait until his rebuttal brief to offer expert and extrinsic evidence that should have been identified in his opening brief. Thus, BSC respectfully submits that it has demonstrated both the need for expedited briefing and its own lack of fault with respect to the circumstances giving rise to that need. *See also*, *Faerfers v. Caviar Creator, Inc.*, No. 2:04-CV-2690-MCE-PAN, 2006 WL 768713, at *1 (E.D. Cal. Mar. 27, 2006) ("Sinclair has demonstrated that shortening time on its Motion to Dismiss will serve judicial economy . . . .")

- 6 -

DEFENDANTS *EX PARTE* APPLICATION TO SHORTEN THE SCHEDULE FOR HEARING DEFENDANTS' MOTION TO STRIKE PORTIONS OF DR. JANG'S REBUTTAL CLAIM CONSTRUCTION BRIEF AND EXPERT DECLARATION

For the aforementioned reasons, BSC believes that an order shortening the time to hear BSC's motion is appropriate. *See Price v. Stossel*, 590 F. Supp. 2d 1262, 1265 (C.D. Cal. 2008) (ruling on motion after granting *ex parte* application to shorten time for hearing); *Global Ampersand, LLC v. Crown Eng'g & Constr., Inc.,* 261 F.R.D. 495, 496 (E.D. Cal. 2009) (same); *Gonzalez v. Marks,* No. 1:07-cv-00949-OWW-GSA, 2009 WL 179779, at *1 (E.D. Cal. Jan. 26, 2009) (same).

## IV.  CONCLUSION

BSC respectfully requests that this Court grant BSC's application to modestly shorten the schedule for hearing BSC's motion to strike.

Dated:  August 20, 2013

By: /s/ *Brian Martinez*
Brian Martinez (State Bar No. 274210)
Brian.Martinez@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street
Los Angeles, California 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

Matthew Wolf (*pro hac vice*)
Matthew.Wolf@aporter.com
Edward Han (*pro hac vice*)
Ed.Han@aporter.com
John Nilsson (*pro hac vice*)
John.Nilsson@aporter.com
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004-1206
Telephone: 202.942.5000
Facsimile: 202.942.5999

*Attorneys for Defendants*
*Boston Scientific Corporation and*
*Scimed Life Systems, Inc*.

DEFENDANTS *EX PARTE* APPLICATION TO SHORTEN THE SCHEDULE FOR HEARING DEFENDANTS' MOTION TO STRIKE PORTIONS OF DR. JANG'S REBUTTAL CLAIM CONSTRUCTION BRIEF AND EXPERT DECLARATION