Brian Martinez (State Bar No. 274210)
Brian.Martinez@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street
Los Angeles, California 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

Matthew Wolf (*pro hac vice*)
Matthew.Wolf@aporter.com
Edward Han (*pro hac vice*)
Ed.Han@aporter.com
John Nilsson (*pro hac vice*)
John.Nilsson@aporter.com
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004-1206
Telephone: 202.942.5000
Facsimile: 202.942.5999

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION - RIVERSIDE

| | |
|---|---|
| G. DAVID JANG, M.D.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BOSTON SCIENTIFIC CORPORATION, a Delaware Corporation, and SCIMED LIFE SYSTEMS, INC., a Minnesota Corporation,<br><br>　　　　　　Defendants. | Case No. ED CV 05-00426 VAP<br><br>**DEFENDANTS BOSTON SCIENTIFIC CORP.'S AND SCIMED LIFE SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION TO AMEND THEIR ANSWER**<br><br>**November 25, 2013 Hearing at 2 p.m.** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on November 25, 2013, at 2:00 p.m., or as soon as this matter may be heard, in Courtroom 2 of this Court, located at 3470 Twelfth Street, Riverside, CA 92501-3801, Defendants will move this Court for an order for leave to amend Defendants' pleading to include counterclaims that the asserted claims are invalid under 35 U.S.C. §§ 102 and 112. This Motion has been made necessary by the *Markman* proceedings that began this past July and August and culminated in the *Markman* hearing on October 16. Plaintiff's positions on claim construction, which the Court has tentatively adopted, would render the asserted claims of the '021 and '743 patents invalid. Attached as Exhibit A to the Declaration of Brian Martinez ("Martinez Decl."), filed herewith, is the proposed amended answer and counterclaims that BSC seeks leave to file.

Prior to filing this Motion, the parties conferred pursuant to L.R. 7-3, with the conference of counsel taking place on October 4, 2013. Counsel for both parties continued to confer to attempt to avoid this motion without success.

This Motion will be based on this Notice, BSC's memorandum of points and authorities below, accompanying papers, the files and records in this action, and any further evidence or argument that this Court may properly receive at or before the hearing.

| | |
|---|---|
| 1  Dated: October 28, 2013 | By: /s/ *Brian Martinez* |
| 2 | Brian Martinez (State Bar No. 274210) |
|   | Brian.Martinez@aporter.com |
| 3 | ARNOLD & PORTER LLP |
| 4 | 777 South Figueroa Street |
|   | Los Angeles, California 90017-5844 |
| 5 | Telephone: 213.243.4000 |
|   | Facsimile: 213.243.4199 |
| 6 | |
| 7 | Matthew Wolf (*pro hac vice*) |
|   | Matthew.Wolf@aporter.com |
| 8 | Edward Han (*pro hac vice*) |
| 9 | Ed.Han@aporter.com |
|   | John Nilsson (*pro hac vice*) |
| 10 | John.Nilsson@aporter.com |
| 11 | ARNOLD & PORTER LLP |
|    | 555 Twelfth Street NW |
| 12 | Washington, DC 20004-1206 |
| 13 | Telephone: 202.942.5000 |
|    | Facsimile: 202.942.5999 |
| 14 | |
| 15 | *Attorneys for Defendants* |
| 16 | *Boston Scientific Corporation and* |
|    | *Scimed Life Systems, Inc*. |

- 2 -

DEFENDANTS BOSTON SCIENTIFIC CORP.'S AND SCIMED LIFE SYSTEM, INC.'S NOTICE OF MOTION
AND MOTION FOR LEAVE TO AMEND THEIR ANSWER

Defendants Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively, "BSC") respectfully move the Court for an order granting them leave to amend their answer in this case to assert counterclaims of patent invalidity under 35 U.S.C. § 102 based on three prior art references and 35 U.S.C. § 112 based on indefiniteness.

## I. FACTUAL BACKGROUND

The central dispute between the parties in this case is whether any asserted claim of the '021 or '743 patents, assigned to BSC via the Assignment Agreement (Dkt. 55, Ex. A), covers BSC's Express stent. Dkt. 55, Ex. A at 2. In order for the Express stent to be a "Contingent Payment Product" for purposes of the Assignment Agreement, however, it must be covered by a "<u>valid claim</u>." *Id.* During the recent current claim construction proceedings in this case, Dr. Jang asserted constructions that (1) caused the claims to read on the prior art; and (2) obscured the distinctions between the elements of the claims. So construed, the claims are invalid under 35 U.S.C. §§ 102 and 112, as BSC pointed out in its own claim construction papers. Dkt. 351 at 23-26. In response, Dr. Jang urged the Court to ignore any issues of validity in construing the claims. Dkt. 367 at 7-8. On October 8, 2013 BSC initiated *ex parte* reexamination proceedings before the United States Patent & Trademark Office ("USPTO"), asking the USPTO to consider whether — under Dr. Jang's constructions — the asserted claims are valid. The requests in question, which were attached to a notice BSC filed on October 11, 2013 in this case, describe in detail how the claims as construed by Dr. Jang here read on the prior art. Dkt. 387.

At the October 16, 2013 *Markman* hearing, BSC again pointed out that the claims as construed by Dr. Jang would cover the prior art (and thus be invalid under 35 U.S.C. § 102). BSC further pointed out that Dr. Jang's constructions would also render the claims indefinite and, consequently, invalid under 35 U.S.C. § 112. In response, Dr. Jang again insisted that the issue of the claims' validity should be addressed in a context other than claim construction. In light of these developments,

BSC seeks leave to amend its answer to assert counterclaims seeking judgment that the asserted claims are invalid under 35 U.S.C. § 102 and 35 U.S.C. § 112. When BSC conferred with Dr. Jang's counsel concerning this motion, Dr. Jang's counsel indicated that Dr. Jang would oppose it, although he did not identify any prejudice that Dr. Jang would suffer should amendment be allowed.[1]

## II. ARGUMENT

### A. Legal Standard

In the original iteration of this case, prior to the Court of Appeals' reversal of this Court's construction of "connecting strut column" in the asserted claims and its remand of these proceedings, the Court's Scheduling Order had established March 27, 2006 as the deadline for amending pleadings. At that time, this Court had to construe the claims originally. And, of course, the Federal Circuit had yet to consider the Court's construction of "connecting strut column." After remand, this Court did not impose a new deadline for amending pleadings. In the absence of such a deadline, motions to amend would appear to be governed by Rule 15, Fed. R. Civ. P. *See Kingsburg Apple Packers, Inc. v. Ballantine Produce Co., Inc.*, 1:09-CV-00901 AWI, 2012 WL 718638, at *2 (E.D. Cal. Mar. 5, 2012) ("[W]hen the scheduling order does not set a deadline for amendment, Rule 16's good cause standard does not apply."); *see also Santa Clara Valley Water Dist. v. Olin Corp.*, No. C-07-03756 RMW, 2009 WL 667429, at *4 (N.D. Cal. Mar. 13, 2009) ("Because the court's case scheduling orders imposed no deadline for amending the pleadings, Olin is *not* required to show good cause for its desire to amend its counterclaim.") (emphasis in original).

Interpreting that rule, the Ninth Circuit has instructed that a "district court shall grant leave to amend freely when justice so requires." *Owens v. Kaiser Found. Health*

---

[1] During the meet and confer conference on October 4, 2013, Dr. Jang's counsel suggested that BSC's proposed amendment was premature because the Court had not yet adopted Dr. Jang's proposed constructions.

*Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal quotations omitted). Thus, the policy of allowing amended pleadings is to be applied with "extreme liberality." *Id.* Indeed, the "Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F.R.Civ.P., by freely granting leave to amend when justice so requires." *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981). Even if the original March 27, 2006 deadline for amending pleadings could be said to apply after remand, amendments may still be permitted upon a showing of good cause. *Ormco Corp. v. Align Tech., Inc.*, SACV 03-16 CAS(ANx), 2008 WL 4501805, at *2 (C.D. Cal. Oct. 3, 2008). As explained below, BSC's proposed amendments satisfy either standard.

### B. BSC's Proposed Amendment Should Be Allowed Under Rule 15 And The Ninth Circuit's Policy Of Extreme Liberality In Allowing Amendment

In view of the Ninth Circuit's policy in favor of permitting amendment, a proposed amendment should only be disallowed upon a showing by the opposing party of (1) bad faith by the movant; (2) futility of the amendment; (3) undue delay; and/or (4) unfair prejudice. *Ormco Corp.*, 2008 WL 4501805, at *2. Here, as explained below, Dr. Jang can make none of these showings.

#### 1. There Are And Can Be No Objections Of Bad Faith Or Futility With Respect To The Proposed Amendments

Dr. Jang has not accused, and cannot accuse, BSC of bad faith with respect to the proposed amendment or of proposing amendments that would be "futile." As set forth in BSC's requests to the USPTO for *ex parte* re-examination, under Dr. Jang's constructions the asserted claims clearly cover at least three prior art references: U.S. Patent No. 6,203,569 ("Wijay"), U.S. Patent No. 6,818,014 ("Brown"), and U.S. Patent No. 5,514,154 ("Lau"). Dkt. 387. The requests describe in detail how each element of each asserted claim, under Dr. Jang's constructions, may also be found in each of these pieces of prior art. Simply put, when read as broadly as Dr. Jang has

- 3 -

urged, the claims cover the prior art and are thus invalid under 35 U.S.C. § 102(a) ("A person shall be entitled to a patent unless the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.").

In BSC's claim construction papers, it also described how Dr. Jang's constructions of the claims threaten their validity under 35 U.S.C. § 112, which requires that a claim must "particularly point[] out and distinctly claim[] the subject matter which the [applicant] regards as the invention." 35 U.S.C. § 112(b). BSC pointed out that, under Dr. Jang's proposed construction, it depends on the subjective whim of the observer whether a given "column" in a stent is an "expansion column," a "connecting strut column" or both. Likewise, it is an utterly subjective determination whether a "strut" in a stent is an "expansion strut" or a "connecting strut" under Dr. Jang's constructions of those terms. As the Federal Circuit has warned, where there is no "objective definition" for determining whether a claim limitation is met, the claim is indefinite. *See Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1350 (Fed. Cir. 2005). And as the Supreme Court itself instructed, "[t]he statutory requirement of particularity and distinctness in claims is met only when [the claims] clearly distinguish what is claimed *from what went before in the art* and clearly circumscribe what is foreclosed from future enterprise." *United Carbon Co. v. Binney & Smith Co.*, 317 U.S. 228, 236 (1942) (emphasis added). Construed as Dr. Jang would here, the asserted claims fail these definiteness tests.

Dr. Jang's breach of contract claim depends on the validity of the asserted claims. Dkt. 55, Exhibit A at 2. These defenses to Dr. Jang's assertion of the Assignment Agreement are hardly "futile." To the contrary they are potentially dispositive, and should be permitted. *See Trimble Navigation Ltd. v. RHS, Inc.*, No. C 03-1604 PJH, 2007 WL 2727164, at *11 (N.D. Cal. Sept. 17, 2007) ("Given the nature of defendants' proposed allegations, defendants are pursuing, in good faith, a valid claim for inequitable conduct. . . . As such, neither bad faith nor futility of

- 4 -

amendment has been demonstrated.") (internal citation omitted).

### 2. BSC Has Not Unduly Delayed In Proposing Its Amendments, And The Proposed Amendments Will Not Unfairly Prejudice Dr. Jang

Nor can Dr. Jang argue that BSC has unduly delayed in seeking amendment. BSC's proposed amendments are predicated on Dr. Jang's own claim constructions. Those constructions were the subject of briefing and argument that has just concluded, and the Court's final constructions have not yet been rendered. Dr. Jang himself has suggested that, if anything, BSC's proposed amendment is "premature" unless and until the Court actually adopts his constructions of the claims. Martinez Decl., Ex. B. Thus, he can hardly complain that BSC unduly delayed in seeking to amend now.

The Ninth Circuit has suggested that "it is the consideration of prejudice to the opposing party that carries the greatest weight" in the Rule 15(a) analysis and that it is, in fact, "the 'touchstone of the inquiry under rule 15(a).'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). The prejudice in question, however, "must be substantial" to militate against amendment. *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 156 (N.D. Cal. 2005). If BSC's proposed amendments are allowed, Dr. Jang will suffer no unfair prejudice. He is aware of the three anticipatory prior art references that form the foundation for BSC's § 102 invalidity defense. Likewise, he is aware of the basis of BSC's claim that his constructions of the asserted claims would render them indefinite and thus invalid under 35 U.S.C. § 112. BSC has committed to providing Dr. Jang full discovery regarding its invalidity counterclaims, including supplementing its discovery responses and providing an opening expert report on invalidity under the current schedule.[2] Dr. Jang cannot complain of substantial or unfair prejudice.

---

[2] Courts have allowed amendment and refused to find prejudice in cases far more advanced than this one. Indeed, in *Trimble Navigation,* the Northern District of California allowed the defendant in the case to amend and assert an inequitable

(Footnote Cont'd on Following Page)

- 5 -

DEFENDANTS BOSTON SCIENTIFIC CORP.'S AND SCIMED LIFE SYSTEM, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THEIR ANSWER

### C. Dr. Jang's Constructions and the Court's Tentative Adoption of Them are Good Cause for Amending the Scheduling Order to Allow BSC the Opportunity to Amend its Answer

Like the Rule 15(a) inquiry, the inquiry as to whether "good cause" exists for adjustment of a deadline imposed by a scheduling order looks in part to the importance of the amendment and the prejudice to the opposing party. *See Ormco Corp.*, 2008 WL 4501805, at *2. For the reasons explained above, neither factor militates against amendment here.

Courts also look to the moving party's explanation for not moving to amend before the scheduling order deadline. *Id.* BSC's explanation is self-evident. BSC itself owns the Jang patents. As their owner, BSC never sought to construe their claims so as to render them invalid. In its original May 5, 2006 claim construction brief, however, BSC warned that Dr. Jang's constructions "would … have the impermissible effect of broadening the coverage of the Jang patents to encompass prior art stent patents, thus undermining the validity of the Jang patents." Dkt. 61 at 2. BSC likewise made clear that "Dr. Jang's proposed construction[s] would collapse [the] basic distinction between an expansion column and a connecting column and, in so doing, broaden the claims so radically that they would cover the prior art, and thus be invalid." *Id.* at 15. This Court, however, rejected Dr. Jang's proposed constructions and thereby averted the threat to their validity. Dkt. 99.

Before the Federal Circuit, BSC again pointed to the threat posed by Dr. Jang's constructions to the validity of the claims, noting that, under Dr. Jang's constructions, "one could find the claimed connecting strut columns and expansion columns throughout the prior art" and that Dr. Jang's constructions "would allow the claims to cover the prior art." Brief of Defendants-Appellees at 39, 41, *G. David Jang, M.D. v.*

---

(Footnote Cont'd From Previous Page)

conduct defense a little more than a month before trial. *Trimble Navigation,* 2007 WL 2727164, at *11.

1  *Boston Scientific Corp.,* No. 2011-1633, 2012 WL 476450 (Fed. Cir. Jan. 24, 2012).
2  On remand, BSC reiterated these concerns in its claim construction papers before this
3  Court.  *See* Dkt. 351 at 23 ("Jang's Construction Threatens The Claims' Validity").
4  In short, BSC's contentions as to the manner in which Dr. Jang's constructions
5  caused the claims to cover the prior art and threatened their validity have been present
6  in the case since the original claim construction proceedings in 2006.  When Jang
7  renewed (and arguably broadened) his proposed constructions, and when the Court
8  signaled its intent to adopt those constructions, BSC timely moved to amend.  Indeed,
9  as Dr. Jang's counsel has indicated, any motion to amend prior to the actual adoption
10 of his constructions could arguably be said to be premature.

11       This Court's decision in *Ormco Corp. v. Align Tech., Inc.* is instructive here.
12 Not only are the facts strikingly similar, but the reasoning similarly compels allowing
13 BSC to amend here.  In *Ormco*, this Court granted the defendant's motions for
14 summary judgment of non-infringement and non-enablement in May and August of
15 2004, respectively.  *Ormco Corp.*, 2008 WL 4501805, at *1.  Later, in August 2007,
16 the plaintiff appealed to the Federal Circuit.  *Id.*  After the Federal Circuit reversed
17 the grant of summary judgment as to certain claims, the case was remanded back to
18 this Court.  *Id.*  The deadline to amend pleadings in the case was originally set for
19 August 2003, and was later changed to January 2004.  *Id.*  After the case was
20 remanded, no new deadline for amending pleadings was set.  *Id.*  The defendant in
21 *Ormco* moved for leave to amend its answer to assert a defense of inequitable
22 conduct in September 2008.  *Id.*

23       This Court found good cause to allow the defendant to amend its answer to add
24 the defense.  First, this Court determined that the defendant acted diligently in
25 seeking its amendment.  Despite the passage of time, the Court ruled that the
26 defendant was diligent in investigating the potential inequitable conduct defense.  *Id.*
27 at *9-10.  Second, this Court found that because "any inequitable conduct by plaintiff
28 related to prosecution of the [patent-in-suit] is relevant and material to the disposition

- 7 -

of the instant action, the 'importance of the amendment' test would favor granting defendant leave to amend its answer to include allegations of inequitable conduct." *Id.* at *4 (citation omitted).  Finally, this Court found that the plaintiff's claims of prejudice rang hollow.  While the plaintiff argued that it would be prejudiced by the burden of having to conduct further discovery, prepare a dispositive motion on the issue, and prepare a trial defense, this Court recognized that "the mere fact that plaintiff will have to respond to good faith allegations through summary judgment motions or otherwise is not, alone, sufficient prejudice to warrant denying leave to amend." *Id.* at *10.

### III. CONCLUSION

For the foregoing reasons, BSC respectfully requests that the Court enter an order allowing BSC leave to file its proposed amended answer to include, as an affirmative defense and counterclaim, invalidity of the asserted claims based on 35 U.S.C. §§ 102 and 112.

Dated: October 28, 2013

By: /s/ *Brian Martinez*
Brian Martinez (State Bar No. 274210)
Brian.Martinez@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street
Los Angeles, California 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

Matthew Wolf (*pro hac vice*)
Matthew.Wolf@aporter.com
Edward Han (*pro hac vice*)
Ed.Han@aporter.com
John Nilsson (*pro hac vice*)
John.Nilsson@aporter.com
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC 20004-1206
Telephone: 202.942.5000
Facsimile: 202.942.5999

*Attorneys for Defendants*
*Boston Scientific Corporation and*
*Scimed Life Systems, Inc*.