Exhibit  A

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/013,018 | 10/08/2013 | 5922021 | P34088US00 | 4539 |

28381        7590        10/31/2013
ARNOLD & PORTER LLP
ATTN: IP DOCKETING DEPT.
555 TWELFTH STREET, N.W.
WASHINGTON, DC 20004-1206

| EXAMINER |
|---|
| CLARK, JEANNE MARIE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3993 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/31/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

BSC_280589

| **Order Granting / Denying Request For Ex Parte Reexamination** | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/013,018 | 5922021 |
| | Examiner | Art Unit |
| | JEANNE M. CLARK | 3993 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>08 October 2013</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☒ PTO-892,   b)☒ PTO/SB/08,   c)☐ Other: _____

1. ☒ The request for *ex parte* reexamination is GRANTED.

> RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐ The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☐ by Treasury check or,

   b) ☐ by credit to Deposit Account No. _____, or

   c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

| | | |
|---|---|---|
| | | |

cc:Requester ( if third party requester )

BSC_280590

Application/Control Number: 90/013,018                                    Page 2
Art Unit: 3993

## DECISION ON REQUEST

A substantial new question of patentability is raised for claims 1, 6-8, and 17 of U.S. Patent No. 5,922,021 (hereinafter "the '021 patent") by the request for reexamination and prior art cited therein for the reasons set forth below.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

### *Waiver of Right to File Patent Owner Statement*

In a reexamination proceeding, Patent Owner may waive the right under 37 C.F.R. 1.530 to file a Patent Owner Statement. The document needs to contain a statement that Patent Owner waives the right under 37 C.F.R. 1.530 to file a Patent Owner Statement and proof of service in the manner provided by 37 C.F.R. 1.248, if the request for reexamination was made by a third party requester, see 37 C.F.R. 1.550(f). The Patent Owner may consider using the following statement in a document waiving the right to file a Patent Owner Statement:

## WAIVER OF RIGHT TO FILE PATENT OWNER STATEMENT

Patent Owner waives the right under 37 C.F.R. 1.530 to file a Patent Owner Statement.

BSC_280591

Application/Control Number: 90/013,018                                    Page 3
Art Unit: 3993

### *Amendment in Reexamination Proceedings*

In any reexamination proceeding under this chapter, the patent owner will be permitted to

propose any amendment to his patent and a new claim or claims thereto, in order to distinguish

the invention as claimed from the prior art cited under the provisions of section 301 of this title,

or in response to a decision adverse to the patentability of a claim of a patent. See 35 U.S.C.

305. **For this reason, patent owner is notified that *any* amendment to a claim not involved**

**in the reexamination proceeding may not be entered, and if entered, will bring that claim**

**into the reexamination proceeding.** See 37 CFR 1.104.

Patent owner is also notified that any proposed amendment to the specification and/or

claims in this reexamination proceeding must comply with 37 C.F.R. 1.530(d)-(j), must be

formally presented pursuant to 37 C.F.R. 1.52(a) and (b), and must contain any fees required by

37 C.F.R. 1.20(c). See MPEP § 2250(IV) for examples to assist in the preparation of proper

proposed amendments in reexamination proceedings. Also, in accordance with 37 CFR 1.530(e),

each claim amendment must be accompanied by an explanation of the support in the disclosure

of the patent for the amendment (i.e., support for the changes made in the claim(s), support for

any insertions and deletions). The failure to submit an explanation will generally result in a

noncompliant response since the failure to set forth the support in the disclosure goes to the

merits of the case (see MPEP § 2266.01). Such an amendment submitted after final rejection

will not be entered.

### *Submissions*

In order to ensure full consideration of any affidavits or declarations or other documents as

evidence of patentability, such documents must be submitted in response to the first Office

Application/Control Number: 90/013,018                                    Page 4
Art Unit: 3993

action on the merits (which does not result in a close of prosecution).  Submissions after the

second Office action on the merits, which is intended to be a final action, will be governed by the

requirements of 37 C.F.R. 1.116, after final rejection and by 37 C.F.R. 41.33 after appeal, which

will be strictly enforced.

### Notification of Concurrent Proceedings

The patent owner is reminded of the continuing responsibility under 37 C.F.R. 1.565(a) to

apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the

patent throughout the course of this reexamination proceeding.  See MPEP §§ 2207, 2282 and

2286.

### Notification of Current Assignment of the Patent

The patent owner is requested to provide the current assignment information for the patent for

which reexamination is requested.  An assignment can be made of record in the file of a patent

application, patent, or other patent proceeding (e.g., reexamination proceeding).  This step is

necessary to permit the assignee to "take action" in the application, patent, or other patent

proceeding under the conditions set forth in 37 CFR 3.73 and MPEP § 324.  Recordation of an

assignment in the assignment records of the Office, however, does **not**, by itself, permit the

assignee to take action in the application, patent, or other patent proceeding.

### Brief Summary of the Prior Examination Proceeding

In the application 08/845,657, which issued as the '021 patent, an Office action rejected

claims 1-3, 5, 7-18, 21, 24-30, 39-45, 48-50, 52-58, 60-62, 66-73, 76, and 79 as anticipated based

BSC_280593

Application/Control Number: 90/013,018                                            Page 5
Art Unit: 3993

on Pinchasik et al. (EP 079 067 A2) ("Pinchasik"). See the January 27, 1998 Office action. In

reply, patent owner amended claim 1 to further include limitations that the first connecting strut

intermediate section "being non-parallel to" the first connecting strut proximal and distal sections

and "wherein the first expansion strut of the first expansion strut pair in the first expansion

column has a longitudinal axis offset from a longitudinal axis of the first expansion strut of the

second expansion strut pair in the second expansion column." See the June 22, 1998

amendment. In response, the examiner allowed the claims without further comment regarding

Pinchasik. See the February 19, 1999 Notice of Allowance.

Reexamination was requested and granted for claims 23, 24, and 36 of the '021 patent.

See reexamination proceedings 90/009,598 and 90/011,439. The merged proceeding cited and

applied U.S. Patent No. 6,203,569 to Wijay ("Wijay") in combination with U.S. Patent No.

6,348,065 to Brown et al. to claims 23, 24, and 36 of the '021 patent. This rejection was

withdrawn during the prosecution of the reexamination proceedings. See the Office action of

February 18, 2011. At the conclusion of the merged reexamination proceeding, claim 36 was

confirmed and claims 23 and 24 were cancelled. This merged proceeding did not involve claims

1, 6-17, and 18. A third reexamination was requested but denied for claim 36 of the '021 patent.

See reexamination proceeding 90/011,800.

See also the discussion of the prior prosecution on, e.g., pages 6-8 of the request.

BSC_280594

Application/Control Number: 90/013,018                                      Page 6
Art Unit: 3993

**A Substantial New Question of Patentability Analysis**

Patent owner filed a request for reexamination of claims 1, 6-8, and 17 of the '021 patent

based upon the following proposed rejections supported by alleged substantial new questions of

patentability (SNQs):

1. Claims 1, 6-8, and 17 are unpatentable over U.S. Patent No. 6,203,569 to Wijay ("Wijay").
2. Claims 1, 6-8, and 17 are unpatentable over U.S. Patent No. 6,818,014 to Brown et al. ("Brown").
3. Claims 1, 6-8, and 17 are unpatentable over U.S. Patent No. 5,514,154 to Lau et al. ("Lau").

A discussion of the prior art references (Wijay, Brown, and Lau) that are asserted by the

requester to form the basis for the SNQs now follows:

**Wijay**

Wijay is a U.S. patent that was issued on March 20, 2001 and was filed on June 27, 1997.

Wijay claims the benefit of an earlier-filed application 08/582,657, which is abandoned.  Patent

owner admitted that the earlier-filed application 08/582,657 supports the applied disclosure of

Wijay.  See footnote 1 on page 6 of the request.  Therefore, Wijay is prior art under 35 U.S.C.

102(e).  Wijay was not cited or applied to claims 1, 6-8, and 17 in a previous examination of the

'021 patent.  Under this fact-specific inquiry, a SNQ exists if Wijay provides new information or

a technical teaching that was not present in the prior examination.

BSC_280595

Application/Control Number: 90/013,018

Page 7

Art Unit: 3993



It is agreed that Wijay raises a SNQ with respect to claims 1, 6-8, and 17 in the '021 patent to support the proposed rejection 1 listed above. Wijay describes a stent in a non-expanded state comprising first and second expansion strut pairs that are connected by first connecting struts in the arrangement as cited in claim 1. See, e.g., Figure 1 and column 4 lines 38 to 67. See also the annotated version of Figure 1 above. Each pair of expansion struts includes a first strut positioned adjacent to a second strut and a joining strut (e.g., the curved connecting structure or bends 12,14) that couples the first and second struts. Wijay teaches a plurality of connecting struts (e.g., crossties 16). For example, Wijay teaches a first connecting strut 16 with a proximal section being coupled to the distal end of the first expansion pair, a distal section being coupled to the proximal end of the second expansion pair, and an intermediate section that is non-parallel to the proximal and distal sections. Wijay also teaches that the first expansion strut of the first expansion strut pair in the first expansion column has a longitudinal axis offset from a longitudinal axis of the first expansion strut of the second expansion pair in the second expansion

BSC_280596

Application/Control Number: 90/013,018                                    Page 8
Art Unit: 3993

column. Therefore, it appears that Wijay has teachings relevant to the limitations deemed to be missing from the prior art in the prior prosecution of the '021 patent, as evidenced by the amendment of June 22, 1998 to claim 1 and the resulting notice of allowance. Claims 6-8 and 17 also include the same limitations from their dependency on claim 1. Accordingly, Wijay provides a new, noncumulative technological teaching that would be important to a reasonable examiner in determining the patentability of claims 1, 6-8, and 17.

Therefore, the request establishes that Wijay provides a substantial new question of patentability that would support proposed rejection 1 as applied to claims 1, 6-8, and 17. Accordingly, it is agreed that Wijay raises a SNQ with respect to claims 1, 6-8, and 17 in the '021 patent.

**Brown**

Brown is a U.S. patent that was issued on November 16, 2004 and was filed on August 3, 1995. Therefore, Brown is prior art under 35 U.S.C. 102(e). Brown was not cited or applied in a previous examination of the '021 patent. Under this fact-specific inquiry, a SNQ exists if Brown provides new information or a technical teaching that was not present in the prior examination.

BSC_280597

Application/Control Number: 90/013,018                                    Page 9

Art Unit: 3993



It is agreed that Brown raises a SNQ with respect to claims 1, 6-8, and 17 in the '021 patent

to support the proposed rejection 2 listed above.  Brown describes a stent in a non-expanded state

comprising first and second expansion strut pairs that are connected by first connecting struts in

the arrangement as cited in claim 1.  See, e.g., Figure 1 and column 2 lines 12 to 27 and column

3 lines 39-41.  See also the annotated version of Figure 1 above.  Each pair of expansion struts

includes a first strut 16 positioned adjacent to a second strut 16 and a joining strut 19a,b (e.g., the

curved connecting structure or end portion) that couples the first and second expansion struts.

Brown teaches a plurality of connecting struts[1] (e.g., elements 16,20).  For example, Brown

---

[1] The Court of Appeals for the Federal Circuit has found that neither "... the '021 and the '021 patents' specifications 'clearly indicate patentee's intent to give [the disputed term] a unique meaning....'" See 493 Fed.Appx. 70, 2012 WL 3590823 (C.A.Fed. (Cal.)), which is attached to the request as Appendix 1.  In particular, see pages 7-8 of the copy of the decision in Appendix 1.  The disputed term is "connecting strut column."  The court found that the district court improperly imported a limitation that the connecting struts must be "unattached" from

BSC_280598

Application/Control Number: 90/013,018                                              Page 10
Art Unit: 3993

teaches a first connecting strut 16,20 with a proximal section 20 being coupled to the distal end

of the first expansion pair, a distal section being coupled to the proximal end of the second

expansion pair, and an intermediate section that is non-parallel to the proximal and distal

sections.  Specifically, there is no requirement by the disclosure of the '021 patent that a strut is

limited to a single linear element.  See, e.g., column 6 lines 13-19 of the '021 patent that does

not give a definition of a connecting strut.  The patent's disclosure does not limit struts to any

specified configuration.  The Merriam-Webster.com dictionary defines strut as "a structural

piece designed to resist pressure in the direction of its length."  In a pending litigation

proceeding, the agreed –upon construction of the term strut is "a structural member designed to

withstand force."  See page 3 of the "Joint Statement ... Regarding Claim Terms and Proposed

Constructions" issued in Jang v. Boston Scientific Corp, 05cv00426, on July 19, 2013 (attached

as Appendix 4 to the request).  The serpentine structure meet the definition of a strut as

understood by one of ordinary skill in the art in light of the specification of the '021 patent.

Brown also teaches that the first expansion strut of the first expansion strut pair in the first

expansion column has a longitudinal axis offset from a longitudinal axis of the first expansion

strut of the second expansion pair in the second expansion column.  Therefore, it appears that

Brown has teachings relevant to the limitations deemed to be missing from the prior art in the

prior prosecution of the '021 patent, as identified in the reasons for allowance in the prior

examination.  Claims 6-8 and 17 also include the same limitations from their dependency on

claim 1.  Accordingly, Brown provides a new, noncumulative technological teaching that would

be important to a reasonable examiner in determining the patentability of claims 1, 6-8, and 17.

---

each other.  Therefore, connecting struts that are attached to each other, such as taught by Brown and Lau, are
deemed to be applicable to the connecting strut limitations.

BSC_280599

Application/Control Number: 90/013,018                                    Page 11
Art Unit: 3993

Therefore, the request establishes that Brown provides a substantial new question of patentability that would support proposed rejection 2 as applied to claims 1, 6-8, and 17. Accordingly, it is agreed that Brown raises a SNQ with respect to claims 1, 6-8, and 17 in the '021 patent.

**Lau**

Lau is a U.S. patent that was issued on May 7, 1996 and was filed on July 28, 1994. Therefore, Lau is prior art under 35 U.S.C. 102(e). Lau was not cited or applied in a previous examination of the '021 patent. Under this fact-specific inquiry, a SNQ exists if Lau provides new information or a technical teaching that was not present in the prior examination.



Application/Control Number: 90/013,018                                                    Page 12
Art Unit: 3993

It is agreed that Lau raises a SNQ with respect to claims 1, 6-8, and 17 in the '021 patent to support the proposed rejection 3 listed above. Lau describes a stent in a non-expanded state comprising first and second expansion strut pairs that are connected by first connecting struts in the arrangement as cited in claim 1. See, e.g., Figure 11, column 1 line 59 to column 2 line 11, column 3 lines 5-15, and column 5 line 61 to column 6 line 7. See also the modified version of Figure 11 above. Each pair of expansion struts includes a first strut positioned adjacent to a second strut and a joining strut (e.g., the curved connecting structure) that couples the first and second struts. Lau teaches a plurality of connecting struts as shown above in modified Figure 11. There is no requirement by the disclosure of the '021 patent that a strut is limited to a single linear element. See the discussion regarding the definition of strut in the explanation pertaining to the teachings of Brown. For example, Lau teaches a first connecting strut with a proximal section being coupled to the distal end of the first expansion pair, a distal section being coupled to the proximal end of the second expansion pair, and an intermediate section that is non-parallel to the proximal and distal sections. Lau also teaches that the first expansion strut of the first expansion strut pair in the first expansion column has a longitudinal axis offset from a longitudinal axis of the first expansion strut of the second expansion pair in the second expansion column. Therefore, it appears that Lau has teachings relevant to the limitations deemed to be missing from the prior art in the prior prosecution of the '021 patent, as identified in the reasons for allowance in the prior examination. Claims 6-8 and 17 also include the same limitations from their dependency on claim 1. Accordingly, Lau provides a new, noncumulative technological teaching that would be important to a reasonable examiner in determining the patentability of claims 1, 6-8, and 17.

BSC_280601

Application/Control Number: 90/013,018                                    Page 13
Art Unit: 3993

Therefore, the request establishes that Lau provides a substantial new question of

patentability that would support proposed rejection 3 as applied to claims 1, 6-8, and 17.

Accordingly, it is agreed that Lau raises a SNQ with respect to claims 1, 6-8, and 17 in the '021

patent.

## Conclusion

The request has established a substantial new question of patentability for claims 1, 6-8, and

17 raised by Wijay, Brown, and Lau.

**All** correspondence relating to this *ex parte* reexamination proceeding should be directed:

By EFS:        Registered users may submit via the electronic filing system EFS-Web, at
               https://efs.uspto.gov/efile/myportal/efs-registered.

By Mail to:    Mail Stop *Ex Parte* Reexam
               Central Reexamination Unit
               Commissioner for Patents
               United States Patent & Trademark Office
               P.O. Box 1450
               Alexandria, VA 22313-1450

By FAX to:  (571) 273-9900
               Central Reexamination Unit


By hand:       Customer Service Window
               Randolph Building
               401 Dulany Street
               Alexandria, VA 22314

For EFS-Web transmissions, 37 CFR 1.8(a)(1)(i) (C) and (ii) states that correspondence

(except for a request for reexamination and a corrected or replacement request for

reexamination) will be considered timely filed if (a) it is transmitted via the Office's electronic

filing system in accordance with 37 CFR 1.6(a)(4), and (b) includes a certificate of transmission

for each piece of correspondence stating the date of transmission, which is prior to the expiration

of the set period of time in the Office action.

BSC_280602

Application/Control Number: 90/013,018                    Page 14
Art Unit: 3993

Any inquiry concerning this communication or earlier communications from the Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Signed:

_____/Jeanne M Clark/_____

Jeanne M. Clark
CRU Examiner
GAU 3993
(571) 272-7714

Conferee: \_\_\_/JRJ/\_\_\_

Conferee: _____

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /J.C./

PTO/SB/08a (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| | |
|---|---|
| Substitute for form 1449/PTO | **Complete if Known** |

**INFORMATION DISCLOSURE STATEMENT BY APPLICANT**
*(Use as many sheets as necessary)*

| Application Number | To be assigned |
|---|---|
| Filing Date | Herewith |
| First Named Inventor | Jang |
| Art Unit | To be assigned |
| Examiner Name | To be assigned |
| Attorney Docket Number | P34088US00 |

Sheet 1 of 2

### U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number<br>Number-Kind Code[2] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US- 5,514,154 | 05-07-1996 | Lau et al. | |
| | 2 | US- 6,203,569 | 03-20-2001 | Wijay | |
| | 3 | US- 6,818,014 | 11-16-2004 | Brown et al. | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document<br>Country Code[3] *Number[4] *Kind Code[5] (if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /Jeanne Clark/ | Date Considered | 10/28/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MEEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

BSC_280604

| Notice of References Cited | Application/Control No. 90/013,018 | Applicant(s)/Patent Under Reexamination 5922021 | |
|---|---|---|---|
| | Examiner JEANNE M. CLARK | Art Unit 3993 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US- | | | |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages |
|---|---|---|
| | U | Defintion of "Strut" from the Free Merriam-Webster Dictionary, www.merriam-webster.com/dictionary/strut, visited on October 25, 2013. |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    Notice of References Cited                    Part of Paper No. 20131028

BSC_280605

Case 5:05-cv-00426-VAP-MRW  Document 428-1  Filed 11/07/13  Page 19 of 23  Page ID
#:4367
Strut - Definition and More from the Free Merriam-Webster Dictionary    Page 1 of 6



Skittles
GRIN THE RAINB
TASTE THE RAINB



Quizzes & Games    Word of the Day    Video    New Words    My Favorites

New!
**Spanish Central** ▸

strut                                                          Subm

## strut

Save    Popularity
☆

6 ENTRIES FOUND:

**Save this word to your Favorites.** ☒
If you're logged into Facebook, you're ready to go.

**strut**
**cross-lot strut**
**drag strut**





**Quiz**

**Name That Thing**
Take Our 10-Question Quiz

### ¹strut    *verb*  \'strət\

**strut·ted    strut·ting**

**Definition of STRUT**                                    Like

*intransitive verb*

**1  :**  to become turgid  :  SWELL

**2  a :**  to walk with a proud gait

  **b :**  to walk with a pompous and affected air

*transitive verb*

  **:**  to parade (as clothes) with a show of pride

  — **strut·ter** *noun*

  — **strut one's stuff**
     **:**  to display one's best work  :  SHOW OFF

  ⬚ See strut defined for kids »

BSCI_280606



◧×

**INOVA**

# Inova Shoulder Replacement Program

We'll shoulder
the load so
you can focus
on other things.

**Call 703.504.4550**
or
Inova.org/shoulder ➔

**Origin of STRUT**

Middle English *strouten,* from Old English *strūtian* to stand
out stiffly, struggle; akin to Middle High German *strozzen* to
be swollen

First Known Use: 13th century

²**strut** *noun*

: a long, thin piece of wood or metal used for support in a
building, vehicle, etc.

: a proud and confident walk

**Full Definition of STRUT**

**1 :**  a structural piece designed to resist pressure in the direction
of its length

**2 :**  a pompous step or walk

**3 :**  arrogant behavior :  SWAGGER

☞ See strut defined for English-language learners »

**Examples of STRUT**

the *strut* of a supermodel

**First Known Use of STRUT**

1587

**Other Building Terms**

batten, cistern, hearth, lath, transom, wainscot

³**strut** *transitive verb*

**strut·ted    strut·ting**

**Definition of STRUT**

: to provide, stiffen, support, or hold apart with or as if with a
strut

BSC1286073



| Search Notes | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| | 90/013,018 | 5922021 |
| | **Examiner** | **Art Unit** | |
| | JEANNE M. CLARK | 3993 | |

| SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| none | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| SEARCH NOTES (INCLUDING SEARCH STRATEGY) | | |
|---|---|---|
| | DATE | EXMR |
| Looked up definition of "Strut" | 10/25/2013 | JMC |
| Reviewed patent file and previous reexamination files | 10/28/2013 | JMC |
| | | |
| | | |
| | | |
| | | |
| | | |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |
| | | | |
| | | | |
| | | | |

Part of Paper No.  20131028

BSC_280608

| *Reexamination* | Application/Control No. 90/013,018 | Applicant(s)/Patent Under Reexamination 5922021 |
|---|---|---|
| | Certificate Date | Certificate Number |

| Requester | Correspondence Address:   ☒ Patent Owner   ☐ Third Party |
|---|---|

ARNOLD & PORTER LLP
ATTN: IP DOCKETING DEPT.
555 TWELFTH STREET, N.W.
WASHINGTON, DC 20004-1206

| LITIGATION REVIEW ☒ | JMC (examiner initials) | 10/28/13 (date) |
|---|---|---|
| Case Name | | Director Initials |
| Jang v. Boston Scientific Corp., 5:05cv426, US Dist. Ct. of CA Central, filed 5/19/05, open | | AK (in IY |
| Jang v. Boston Scientific Corp., 1:10cv681, US Dist. Ct. of DE, filed 8/12/10, open | | |
| Boston Scientific Corp. v. Cordis Corp., 1:10cv315, US Dist. Ct. of DE, filed 4/20/10, closed, aff'ed Rule 36 CAFC 2/12/13 | | |
| Boston Scientific Corp. v. Cordis Corp., 0:09cv3445, US Dist. Ct. of MN, filed 12/4/09, closed, transferred to DE | | |
| See contination sheet | | |

| COPENDING OFFICE PROCEEDINGS | |
|---|---|
| TYPE OF PROCEEDING | NUMBER |
| 1.   none | |
| 2. | |
| 3. | |
| 4. | |

U.S. Patent and Trademark Office

DOC. CODE **RXFILJKT**

BSC_280609

Application/Control Number: 90/013,018                           Page 15
Art Unit: 3993

# Continuation Sheet for Reexamination File Jacket form:

Boston Scientific Corp. v. Cordis Corp., 1:08cv779, US Dist. Ct. of DE, filed 10/17/08, closed.

Boston Scientific Corp. v. Conor Medsystems Inc., 1:05cv768, US Dist. Ct. of DE, filed 11/08/05, closed.