Exhibit B

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/013,019 | 10/08/2013 | 5954743 | P34089US00 | 3022 |

28381      7590      10/31/2013
ARNOLD & PORTER LLP
ATTN: IP DOCKETING DEPT.
555 TWELFTH STREET, N.W.
WASHINGTON, DC 20004-1206

| EXAMINER |
|---|
| CLARK, JEANNE MARIE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3993 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/31/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

BSC_280611

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. 90/013,019 | Patent Under Reexamination 5954743 |
|---|---|---|
| | Examiner JEANNE M. CLARK | Art Unit 3993 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>08 October 2013</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☒ PTO-892,  b)☒ PTO/SB/08,  c)☐ Other: _____

1. ☒    The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐    The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181  ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐  by Treasury check or,

b) ☐  by credit to Deposit Account No. _____,  or

c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

| | | |
|---|---|---|
| | | |

cc:Requester ( if third party requester )

BSC_280612

Application/Control Number: 90/013,019                                    Page 2
Art Unit: 3993

## DECISION ON REQUEST

A substantial new question of patentability is raised for claims 1, 10, 11, 13, and 16-20 of U.S. Patent No. 5,954,743 (hereinafter "the '743 patent") by the request for reexamination and prior art cited therein for the reasons set forth below.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

### *Waiver of Right to File Patent Owner Statement*

In a reexamination proceeding, Patent Owner may waive the right under 37 C.F.R. 1.530 to file a Patent Owner Statement. The document needs to contain a statement that Patent Owner waives the right under 37 C.F.R. 1.530 to file a Patent Owner Statement and proof of service in the manner provided by 37 C.F.R. 1.248, if the request for reexamination was made by a third party requester, see 37 C.F.R. 1.550(f). The Patent Owner may consider using the following statement in a document waiving the right to file a Patent Owner Statement:

## WAIVER OF RIGHT TO FILE PATENT OWNER STATEMENT

Patent Owner waives the right under 37 C.F.R. 1.530 to file a Patent Owner Statement.

BSC_280613

Application/Control Number: 90/013,019                                       Page 3
Art Unit: 3993

### *Amendment in Reexamination Proceedings*

In any reexamination proceeding under this chapter, the patent owner will be permitted to propose any amendment to his patent and a new claim or claims thereto, in order to distinguish the invention as claimed from the prior art cited under the provisions of section 301 of this title, or in response to a decision adverse to the patentability of a claim of a patent. See 35 U.S.C. 305. **For this reason, patent owner is notified that *any* amendment to a claim not involved in the reexamination proceeding may not be entered, and if entered, will bring that claim into the reexamination proceeding.** See 37 CFR 1.104.

Patent owner is also notified that any proposed amendment to the specification and/or claims in this reexamination proceeding must comply with 37 C.F.R. 1.530(d)-(j), must be formally presented pursuant to 37 C.F.R. 1.52(a) and (b), and must contain any fees required by 37 C.F.R. 1.20(c). See MPEP § 2250(IV) for examples to assist in the preparation of proper proposed amendments in reexamination proceedings. Also, in accordance with 37 CFR 1.530(e), each claim amendment must be accompanied by an explanation of the support in the disclosure of the patent for the amendment (i.e., support for the changes made in the claim(s), support for any insertions and deletions). The failure to submit an explanation will generally result in a noncompliant response since the failure to set forth the support in the disclosure goes to the merits of the case (see MPEP § 2266.01). Such an amendment submitted after final rejection will not be entered.

BSC_280614

Application/Control Number: 90/013,019                                           Page 4
Art Unit: 3993

## *Submissions*

In order to ensure full consideration of any affidavits or declarations or other documents as evidence of patentability, such documents must be submitted in response to the first Office action on the merits (which does not result in a close of prosecution).  Submissions after the second Office action on the merits, which is intended to be a final action, will be governed by the requirements of 37 C.F.R. 1.116, after final rejection and by 37 C.F.R. 41.33 after appeal, which will be strictly enforced.

## *Notification of Concurrent Proceedings*

The patent owner is reminded of the continuing responsibility under 37 C.F.R. 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the patent throughout the course of this reexamination proceeding.  See MPEP §§ 2207, 2282 and 2286.

## *Notification of Current Assignment of the Patent*

The patent owner is requested to provide the current assignment information for the patent for which reexamination is requested.  An assignment can be made of record in the file of a patent application, patent, or other patent proceeding (e.g., reexamination proceeding).  This step is necessary to permit the assignee to "take action" in the application, patent, or other patent proceeding under the conditions set forth in 37 CFR 3.73 and MPEP § 324.  Recordation of an assignment in the assignment records of the Office, however, does **not**, by itself, permit the assignee to take action in the application, patent, or other patent proceeding.

BSC_280615

Application/Control Number: 90/013,019                                   Page 5
Art Unit: 3993

### *Brief Summary of the Prior Examination Proceeding*

In the application 08/824,866, which issued as the '743 patent, no Office action rejecting the claims was made. Instead, the examiner allowed claims 1-80 as patentable over the prior art of record. See the January 5, 1998 Office action. See also the discussion of the prior prosecution on page 4 of the request.


### A Substantial New Question of Patentability Analysis

Patent owner filed a request for reexamination of claims 1, 10, 11, 13, and 16-20 of the '743 patent based upon the following proposed rejections supported by alleged substantial new questions of patentability (SNQs):

1. Claims 1, 10, 11, 13, and 16-20 are unpatentable over U.S. Patent No. 6,203,569 to Wijay ("Wijay").
2. Claims 1, 10, 11, 13, and 16-20 are unpatentable over U.S. Patent No. 6,818,014 to Brown et al. ("Brown").
3. Claims 1, 10, 11, 13, and 16-20 are unpatentable over U.S. Patent No. 5,514,154 to Lau et al. ("Lau").

A discussion of the prior art references (Wijay, Brown, and Lau) that are asserted by the requester to form the basis for the SNQs now follows:

### Wijay

Wijay is a U.S. patent that was issued on March 20, 2001 and was filed on June 27, 1997. Wijay claims the benefit of an earlier-filed application 08/582,657, which is abandoned. Patent owner admitted that the earlier-filed application 08/582,657 supports the applied disclosure of Wijay. See footnote 1 on page 4 of the request. Therefore, Wijay is prior art under 35 U.S.C. 102(e). Wijay was not cited or applied in a previous examination of the '743 patent. Under this

BSC_280616

Application/Control Number: 90/013,019                                    Page 6
Art Unit: 3993

fact-specific inquiry, a SNQ exists if Wijay provides new information or a technical teaching that

was not present in the prior examination.



FIG. 1

It is agreed that Wijay raises a SNQ with respect to claims 1, 10, 11, 13, and 16-20 in the

'743 patent to support the proposed rejection 1 listed above.  Wijay describes a stent in a non-

expanded state comprising first, second, and third expansion strut pairs that are connected by

first and second connecting struts in the arrangement as cited in claim 1.  See, e.g., Figure 1 and

column 4 lines 38 to 67.  See also the annotated version of Figure 1 above.  Each pair of

expansion struts includes a first strut positioned adjacent to a second strut and a joining strut

(e.g., the curved connecting structure or bends 12,14) that couples the first and second struts.

Wijay teaches a plurality of connecting struts (e.g., crossties 16).  For example, Wijay teaches a

first connecting strut 16 with a proximal section being coupled to the distal end of the first

expansion pair and a distal section being coupled to the proximal end of the second expansion

BSC_280617

Application/Control Number: 90/013,019                                    Page 7
Art Unit: 3993

pair. Wijay also teaches that the first expansion strut of the first expansion strut pair in the first

expansion column has a longitudinal axis offset from a longitudinal axis of the first expansion

strut of the second expansion pair in the second expansion column. Therefore, it appears that

Wijay has teachings relevant to some of the limitations deemed to be missing from the prior art

in the prior prosecution of the '743 patent, as identified in the reasons for allowance in the prior

examination. Claims 10, 11, 13, and 16-20 also include the same limitations from their

dependency on claim 1. Accordingly, Wijay provides a new, noncumulative technological

teaching that would be important to a reasonable examiner in determining the patentability of

claims 1, 10, 11, 13, and 16-20.

Therefore, the request establishes that Wijay provides a substantial new question of

patentability that would support proposed rejection 1 as applied to claims 1, 10, 11, 13, and 16-

20. Accordingly, it is agreed that Wijay raises a SNQ with respect to claims 1, 10, 11, 13, and

16-20 in the '743 patent.


**Brown**

Brown is a U.S. patent that was issued on November 16, 2004 and was filed on August 3,

1995. Therefore, Brown is prior art under 35 U.S.C. 102(e). Brown was not cited or applied in a

previous examination of the '743 patent. Under this fact-specific inquiry, a SNQ exists if Brown

provides new information or a technical teaching that was not present in the prior examination.

BSC_280618

Application/Control Number: 90/013,019                                 Page 8
Art Unit: 3993



OR



Application/Control Number: 90/013,019                                    Page 9
Art Unit: 3993

It is agreed that Brown raises a SNQ with respect to claims 1, 10, 11, 13, and 16-20 in the

'743 patent to support the proposed rejection 2 listed above. Brown describes a stent in a non-

expanded state comprising first, second, and third expansion strut pairs that are connected by

first and second connecting struts in the arrangement as cited in claim 1. See, e.g., Figure 1 and

column 2 lines 12 to 27 and column 3 lines 39-41. See also the annotated versions of Figure 1

above. Each pair of expansion struts includes a first strut 16 positioned adjacent to a second strut

16 and a joining strut 19a,b (e.g., the curved connecting structure or end portion) that couples the

first and second struts. The pair of second expansion struts includes a first U-shaped expansion

strut, which is highlighted in the top box above in the second expansion column, positioned

adjacent to a second U-shaped expansion strut, which is highlighted in the bottom box above in

the second expansion column. In other words, there is no requirement by the disclosure of the

'743 patent that a strut is limited to a single linear element. Column 5 lines 15-17 of the '743

patent state "[e]xpansion struts 28 are thin elongated members arranged so that they extend at

least in part in the direction of the longitudinal axis of stent 10." This statement, however, is not

sufficiently clear to set forth a special definition for the term strut. In other words, it does not

limit struts to only thin elongated members, but instead, describes a preferred configuration. The

Merriam-Webster.com dictionary defines strut as "a structural piece designed to resist pressure

in the direction of its length." In a pending litigation proceeding, the agreed –upon construction

of the term strut is "a structural member designed to withstand force." See page 3 of the "Joint

Statement ... Regarding Claim Terms and Proposed Constructions" issued in Jang v. Boston

Scientific Corp, 05cv00426, on July 19, 2013 (attached as Appendix 4 to the request). Either a

single linear section of segment 16 or the U-shaped segment (e.g., two linear segments 16

BSC_280620

Application/Control Number: 90/013,019                                    Page 10
Art Unit: 3993

connected by an end portion 19) meet the definition of a strut as understood by one of ordinary

skill in the art in light of the specification of the '743 patent. Brown teaches a plurality of

connecting struts[1] (e.g., crossties 16). For example, Brown teaches a first connecting strut 20 or

16,20 with a proximal section being coupled to the distal end of the first expansion pair and a

distal section being coupled to the proximal end of the second expansion pair. Brown also

teaches that the first expansion strut of the first expansion strut pair in the first expansion column

has a longitudinal axis offset from a longitudinal axis of the first expansion strut of the second

expansion pair in the second expansion column. Therefore, it appears that Brown has teachings

relevant to some of the limitations deemed to be missing from the prior art in the prior

prosecution of the '743 patent, as identified in the reasons for allowance in the prior

examination. Claims 10, 11, 13, and 16-20 also include the same limitations from their

dependency on claim 1. Accordingly, Brown provides a new, noncumulative technological

teaching that would be important to a reasonable examiner in determining the patentability of

claims 1, 10, 11, 13, and 16-20.

Therefore, the request establishes that Brown provides a substantial new question of

patentability that would support proposed rejection 2 as applied to claims 1, 10, 11, 13, and 16-

20. Accordingly, it is agreed that Brown raises a SNQ with respect to claims 1, 10, 11, 13, and

16-20 in the '743 patent.

---

[1] The Court of Appeals for the Federal Circuit has found that neither "... the '021 and the '743 Patents'
specifications 'clearly indicate patentee's intent to give [the disputed term] a unique meaning....'" See 493
Fed.Appx. 70, 2012 WL 3590823 (C.A.Fed. (Cal.)), which is attached to the request as Appendix 1. In particular,
see pages 7-8 of the copy of the decision in Appendix 1. The disputed term is "connecting strut column." The court
found that the district court improperly imported a limitation that the connecting struts must be "unattached" from
each other. Therefore, connecting struts that are attached to each other, such as taught by Brown and Lau, are
deemed to be applicable to the connecting strut limitations.

Application/Control Number: 90/013,019                                    Page 11
Art Unit: 3993

**Lau**

Lau is a U.S. patent that was issued on May 7, 1996 and was filed on July 28, 1994.

Therefore, Lau is prior art under 35 U.S.C. 102(e).  Lau was not cited or applied in a previous

examination of the '743 patent.  Under this fact-specific inquiry, a SNQ exists if Lau provides

new information or a technical teaching that was not present in the prior examination.



It is agreed that Lau raises a SNQ with respect to claims 1, 10, 11, 13, and 16-20 in the '743

patent to support the proposed rejection 3 listed above.  Lau describes a stent in a non-expanded

state comprising first, second, and third expansion strut pairs that are connected by first and

second connecting struts in the arrangement as cited in claim 1.  See, e.g., Figure 11, column 1

line 59 to column 2 line 11, column 3 lines 5-15, and column 5 line 61 to column 6 line 7.  See

also the modified version of Figure 11 above.  Each pair of expansion struts includes a first strut

BSC_280622

Application/Control Number: 90/013,019                                    Page 12
Art Unit: 3993

positioned adjacent to a second strut and a joining strut (e.g., the curved connecting structure) that couples the first and second struts. The pair of second expansion struts includes a first U-shaped expansion strut, which is highlighted in the top box above in the second expansion column, positioned adjacent to a second inverted S-shaped expansion strut, which is highlighted in the bottom box above in the second expansion column. In other words, there is no requirement by the disclosure of the '743 patent that a strut is limited to a single linear element. See the discussion regarding the definition of strut in the explanation pertaining to the teachings of Brown. Lau teaches a plurality of connecting struts as shown above in modified Figure 11. For example, Lau teaches a first connecting strut with a proximal section being coupled to the distal end of the first expansion pair and a distal section being coupled to the proximal end of the second expansion pair. Lau also teaches that the first expansion strut of the first expansion strut pair in the first expansion column has a longitudinal axis offset from a longitudinal axis of the first expansion strut of the second expansion pair in the second expansion column. Therefore, it appears that Lau has teachings relevant to some of the limitations deemed to be missing from the prior art in the prior prosecution of the '743 patent, as identified in the reasons for allowance in the prior examination. Claims 10, 11, 13, and 16-20 also include the same limitations from their dependency on claim 1. Accordingly, Lau provides a new, noncumulative technological teaching that would be important to a reasonable examiner in determining the patentability of claims 1, 10, 11, 13, and 16-20.

Therefore, the request establishes that Lau provides a substantial new question of patentability that would support proposed rejection 3 as applied to claims 1, 10, 11, 13, and 16-

BSC_280623

Application/Control Number: 90/013,019                                    Page 13
Art Unit: 3993

20.  Accordingly, it is agreed that Lau raises a SNQ with respect to claims 1, 10, 11, 13, and 16-20 in the '743 patent.


### *Conclusion*

The request has established a substantial new question of patentability for claims 1, 10, 11, 13, and 16-20 raised by Wijay, Brown, and Lau.

All correspondence relating to this *ex parte* reexamination proceeding should be directed:

By EFS:       Registered users may submit via the electronic filing system EFS-Web, at
              https://efs.uspto.gov/efile/myportal/efs-registered.

By Mail to:   Mail Stop *Ex Parte* Reexam
              Central Reexamination Unit
              Commissioner for Patents
              United States Patent & Trademark Office
              P.O. Box 1450
              Alexandria, VA 22313-1450

By FAX to:  (571) 273-9900
            Central Reexamination Unit


By hand:      Customer Service Window
              Randolph Building
              401 Dulany Street
              Alexandria, VA 22314

For EFS-Web transmissions, 37 CFR 1.8(a)(1)(i)  (C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely filed if (a) it is transmitted via the Office's electronic filing system in accordance with 37 CFR 1.6(a)(4), and (b) includes a certificate of transmission for each piece of correspondence stating the date of transmission, which is prior to the expiration of the set period of time in the Office action.

BSC_280624

Application/Control Number: 90/013,019                                    Page 14
Art Unit: 3993

Any inquiry concerning this communication or earlier communications from the Examiner, or as
to the status of this proceeding, should be directed to the Central Reexamination Unit at
telephone number (571) 272-7705.

Signed:

_____/Jeanne M Clark/_____

Jeanne M. Clark
CRU Examiner
GAU 3993
(571) 272-7714

Conferee: ___/JRJ/___

Conferee: ___/AK/___

BSC_280625

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /J.C./

PTO/SB/08a (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** (*Use as many sheets as necessary*) | **Complete if Known** | |
|---|---|---|
| | Application Number | To be assigned |
| | Filing Date | Herewith |
| | First Named Inventor | Jang |
| | Art Unit | To be assigned |
| | Examiner Name | To be assigned |
| Sheet | 1 | of | 2 | Attorney Docket Number | P34089US00 |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | 1 | US- 5,514,154 | 05-07-1996 | Lau et al. | |
| | 2 | US- 6,203,569 | 03-20-2001 | Wijay | |
| | 3 | US- 6,818,014 | 11-16-2004 | Brown et al. | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4] Kind Code[5] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /Jeanne Clark/ | Date Considered | 10/24/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

BSC_280626

| | Notice of References Cited | Application/Control No. 90/013,019 | Applicant(s)/Patent Under Reexamination 5954743 | |
|---|---|---|---|---|
| | | Examiner JEANNE M. CLARK | Art Unit 3993 | Page 1 of 1 |

## U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US- | | | |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

## FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

## NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages |
|---|---|---|
| | U | Defintion of "Strut" from the Free Merriam-Webster Dictionary, www.merriam-webster.com/dictionary/strut, visited on October 25, 2013. |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

Case 5:05-cv-00426-VAP-MRW   Document 428-2   Filed 11/07/13   Page 19 of 22   Page ID
#:4590
Strut - Definition and More from the Free Merriam-Webster Dictionary                    Page 1 of 6



Quizzes & Games    Word of the Day    Video    New Words        My Favorites

New!
**Spanish Central** ▶

**strut**                                                                    Subm



m-w.com



**Quiz**

**Name That Thing**
Take Our 10-Question Quiz

# strut

Save    Popularity
☆      

6 ENTRIES FOUND:

| ☒ |
|---|
| Save this word to your Favorites. |
| If you're logged into Facebook, you're ready to go. |

strut

cross-lot strut

drag strut

¹**strut**        *verb*    \ˈstrət\

**strut·ted    strut·ting**

**Definition of STRUT**                                                      Like

*intransitive verb*

**1 :** to become turgid :  SWELL

**2 a :** to walk with a proud gait

   **b :** to walk with a pompous and affected air

*transitive verb*

  **:** to parade (as clothes) with a show of pride

  — **strut·ter** *noun*

  — **strut one's stuff**

    **:** to display one's best work :  SHOW OFF

  ⚲ See strut defined for kids »



## Inova Shoulder Replacement Program

We'll shoulder the load so you can focus on other things.

Call 703.504.4550 or Inova.org/shoulder ➔



## Origin of STRUT

Middle English *strouten,* from Old English *strūtian* to stand out stiffly, struggle; akin to Middle High German *strozzen* to be swollen

First Known Use: 13th century

## ²strut *noun*

: a long, thin piece of wood or metal used for support in a building, vehicle, etc.

: a proud and confident walk

## Full Definition of STRUT

**1** : a structural piece designed to resist pressure in the direction of its length

**2** : a pompous step or walk

**3** : arrogant behavior : SWAGGER

☞ See strut defined for English-language learners »

## Examples of STRUT

the *strut* of a supermodel

## First Known Use of STRUT

1587

## Other Building Terms

batten, cistern, hearth, lath, transom, wainscot

## ³strut *transitive verb*

**strut·ted     strut·ting**

## Definition of STRUT

: to provide, stiffen, support, or hold apart with or as if with a strut

BSC_280629

| *Search Notes* | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| | 90/013,019 | 5954743 |
| | Examiner | Art Unit | |
| | JEANNE M. CLARK | 3993 | |

| SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| none | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |
| | | | |
| | | | |

| SEARCH NOTES (INCLUDING SEARCH STRATEGY) | | |
|---|---|---|
| | DATE | EXMR |
| Reviewed patent file | 10/24/2013 | JMC |
| Looked up definition of "Strut" | 10/25/2013 | JMC |
| | | |
| | | |
| | | |
| | | |
| | | |

Part of Paper No.  20131024

BSC_280630

| *Reexamination* | Application/Control No. 90/013,019 | Applicant(s)/Patent Under Reexamination 5954743 |
|---|---|---|
| | Certificate Date | Certificate Number |

| Requester | Correspondence Address: | ☒ Patent Owner | ☐ Third Party |
|---|---|---|---|

ARNOLD & PORTER LLP
ATTN: IP DOCKETING DEPT.
555 TWELFTH STREET, N.W.
WASHINGTON, DC 20004-1206

| LITIGATION REVIEW ☒ | JMC (examiner initials) | 10/24/13 (date) |
|---|---|---|
| Case Name | | Director Initials |
| Jang v. Boston Scientific Corp., 5:05cv426, US Dist. Ct. of CA Central, filed 5/19/05, open | | AK |
| Jang v. Boston Scientific Corp., 1:10cv681, US Dist. Ct. of DE, filed 8/12/10, open | | AK |
| | | |
| | | |
| | | |

| COPENDING OFFICE PROCEEDINGS | |
|---|---|
| TYPE OF PROCEEDING | NUMBER |
| 1.   none | |
| 2. | |
| 3. | |
| 4. | |

U.S. Patent and Trademark Office

DOC. CODE **RXFILJKT**

BSC_280631