**ARNOLD & PORTER LLP**
BRIAN MARTINEZ (CA SBN: 274210)
Brian.Martinez@aporter.com
777 South Figueroa Street
Los Angeles, California 90017-5844
Tel: (213) 243-4000; Fax: (213) 243-4199

Matthew Wolf (*pro hac vice*)
Matthew.Wolf@aporter.com
Edward Han (*pro hac vice*)
Ed.Han@aporter.com
John Nilsson *(pro hac vice)*
John.Nilsson@aporter.com
Sara P. Zogg *(pro hac vice)*
Sara.Zogg@aporter.com
555 Twelfth Street NW
Washington, DC 20004-1206
Tel: (202) 942-5000; Fax: (202) 942-5999

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION – RIVERSIDE**

| | |
|---|---|
| G. DAVID JANG, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION, a Delaware corporation; and SCIMED LIFE SYSTEMS, INC., a Minnesota corporation,<br><br>Defendants. | Case No. EDCV 05-00426-VAP-MRW<br><br>**DECLARATION OF SARA P. ZOGG IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**Hon. Virginia A. Phillips** |

I, Sara P. Zogg,' declare as follows:

1. I am over 18 years of age. I am an associate at Arnold & Porter LLP, counsel for Defendants Boston Scientific Corporation and Scimed Life Systems, Inc. (collectively, "BSC") in this matter. I have personal knowledge of the facts stated herein, and, if called upon, could and would testify competently to them. I make this declaration in support of Defendants' Opposition to Plaintiff G. David Jang, M.D.'s Ex Parte Motion For Temporary Restraining Order ("Motion").

2. Attached hereto as Exhibit 1 is a true and correct copy of an excerpt from the transcript of the October 16, 2013 Markman hearing in this action.

3. Attached hereto as Exhibit 2 is a true and correct copy of a letter dated November 5, 2013, from Brian Martinez to Dr. Jang's counsel, enclosing copies of the USPTO's orders granting BSC's requests for reexamination of the '021 patent and the '742 patent.

4. Attached hereto as Exhibit 3 is a true and correct copy of an excerpt from the transcript of Dr. Jang's deposition, taken on November 21, 2013.

5. Attached as Exhibit 4 are true and correct copies of the office actions issued by the USPTO on November 21, 2013 and received by counsel for BSC on November 25, 2013.

6. I have been informed by my colleagues that, at the November 25, 2013, hearing on BSC's motion, BSC notified both the Court and Dr. Jang of the office actions, emphasizing that it was now a matter of certainty that the claims asserted in the reexamination would be invalidated. Counsel for Dr. Jang did not suggest that Dr. Jang wished to intervene in the reexamination proceeding or to submit any response to the USPTO. Instead, Jang's counsel maintained that any determination by the USPTO that the claims of the patent were invalid was without import in the instant litigation.

7. I have been informed by my colleagues that, at the deposition of one of Dr. Jang's expert witnesses, Michael Lee, on January 9, 2014, Dr. Jang's counsel

- 2 -

indicated for the first time that Dr. Jang would like to confer regarding the January 21, 2014 deadline for submission of responses to the USPTO.

8. Attached hereto as Exhibit 5 is a true and correct copy of an email exchange between Matthew M. Wolf, counsel for BSC, and Jeffrey J. Toney, counsel for Dr. Jang, dated January 11 and 12, 2014.

9. The parties conferred on January 14, 2014, only one week in advance of the January 21, 2014 deadline for submitting responses to the USPTO.

10. During the January 14, 2014, conference, Dr. Jang's counsel indicated for the first time that Dr. Jang would seek emergency relief from this Court unless BSC requested an extension of the USPTO's deadline and gave Dr. Jang power of attorney allowing him to submit a response to the office actions. BSC pointed out that Dr. Jang had waited months before raising these issues and that, in any event, it could not submit information to the USPTO that it believed to be inaccurate or without merit.

11. Attached hereto as Exhibit 6 is a true and correct copy of an email from Matthew M. Wolf, counsel for BSC, to Norman Minnear, counsel for Dr. Jang, dated January 15, 2014.

12. Attached hereto as Exhibit 7 is a true and correct copy of an email from Norman Minnear to Matthew M. Wolf, dated January 15, 2014.

13. Attached hereto as Exhibit 8 is a true and correct copy of the Assignment Agreement executed by the parties with an effective date of June 3, 2002.

14. Attached hereto as Exhibit 9 is a true and correct copy of a print out from the USPTO website demonstrating that all necessary maintenance fees for the '021 patent and the '742 patent have been paid.

15. Attached hereto as Exhibit 10 is a true and correct copy of the unexecuted Non-Exclusive License Agreement that accompanied the Assignment Agreement executed by the parties. The document was produced by Dr. Jang and

1 | bears the Bates number JANG 002457.  This document was previously filed
2 | publically; thus, BSC is not seeking to file under seal.

4 | I declare under penalty of perjury that the foregoing is true and correct to the
5 | best of my knowledge.

9 | Dated:  January 16, 2014

Sara P. Zogg

- 4 -