# Exhibit 1

```
 1                  UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3                   EASTERN DIVISION-RIVERSIDE

 4                             - - -

 5       HONORABLE VIRGINIA A. PHILLIPS, JUDGE PRESIDING

 6                             - - -

 7  G. DAVID JANG, M.D.,              )
                                      )
 8                    Plaintiff,      )
                                      )
 9            vs.                     )   No. EDCV 05-426 VAP
                                      )
10  BOSTON SCIENTIFIC CORPORATION,    )
    et al.,                           )
11                                    )
                      Defendants.     )
12  _____ )

13

14          REPORTER'S TRANSCRIPT OF ORAL PROCEEDINGS

15                     Riverside, California

16                  Wednesday, October 16, 2013

17                           9:17 a.m.

18

19

20

21

22             PHYLLIS A. PRESTON, CSR 8701
              Federal Official Court Reporter
23             United States District Court
                   3470 Twelfth Street
24             Riverside, California 92501
                    (951) 205-7959
25                  stenojag@aol.com
```

```
 1  APPEARANCES:

 2

 3  For the Plaintiff:

 4                      KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
                        BY:  JEFFREY TONEY
 5                           JONATHAN WALDROP
                        1349 West Peachtree Street, N.W.,
 6                      Suite 1500
                        Atlanta, Georgia 30309
 7

 8                      MUNDELL, ODLUM & HAWS LLP
                        BY:  JAMES ODLUM
 9                      650 E. Hospitality Lane, Suite 470
                        San Bernardino, California 92408
10

11

12

13  For the Defendants:

14                      ARNOLD & PORTER LLP
                        BY:  MATTHEW WOLF
15                           JOHN NILSSON
                             BRIAN MARTINEZ
16                      555 Twelfth Street, NW
                        Washington, DC 20004-1206
17

18

19

20

21

22

23

24

25
```

1            Can we go back to the presentation?

2            I want to make Your Honor aware that we filed an

3   ex parte re-exam last week.  We submitted it to the Court -- I

4   don't know if it's hit your desk yet -- that said that under

5   Dr. Jang's construction that the patents would be invalid.  And                10:02

6   we're going to let the patent office figure that out, but if

7   Your Honor is interested in the issues, they're laid out

8   in-depth in what you have back in chambers or working its way

9   up through ECF.  I don't know how that works.

10           THE COURT:  Well, did you send us a chamber's copy?                    10:03

11           MR. WOLF:  We believe so.  We will send one if it

12   wasn't, immediately.

13           THE COURT:  We'll check.  It may just not have made

14   its way to my desk yet.

15           MR. WOLF:  We filed it on Friday, served it.  We                       10:03

16   filed it in the patent office on Thursday and we within

17   24 hours submitted it to the Court.

18           THE COURT:  I will look for it.

19           MR. WOLF:  And the point of this is, as Your Honor

20   suggested, and this is a doctrine that's actually being                        10:03

21   reinvigorated at the Federal Circuit, and we have a cite here

22   from September 2013.  *Bayer seeks a broad construction of its*

23   *own patent, and the alleged infringer Dow has raised invalidity*

24   *problems with that construction.  In these circumstances, it is*

25   *both possible and sensible to find that such grave doubts*                    10:03

1   *reinforce the textual objections to Bayer's proposed*
2   *construction.*
3            Simply put, if a construction would lead to
4   invalidity, we should look hard at that construction.  And as
5   we laid out in our papers, and I'm not going to belabor it, the
6   Lau stent, for example, which is one of the bases of the
7   Federal Circuit argument, plainly would invalidate the claims
8   under this.  There are various arguments in the reply paper
9   that say, no, that's not the case, but if you look at the
10  arguments, and they're on the right side, none of them have to
11  do with the claim language.  The interconnecting elements now
12  are designed to stabilize the Lau stent, not to make it
13  flexible.  Well, Your Honor, there's no talk of stability or
14  flexibility in the claim language.  That's a distinction that
15  doesn't matter.
16           *As another function, the interconnecting elements*
17  *prevent some expansion (sic) edges from tipping outwardly --*
18  *thus providing a stable end.*  That notion isn't anywhere in the
19  claim.  The Lau patent focuses on the ability of expansion
20  elements to tip outwardly.  Same notion.  Again, not in the
21  claim.  So the arguments they make for why Lau under their
22  construction wouldn't invalidate these claims have nothing to
23  do with the claim language.
24           Your Honor, I'm not going to go through this slide,
25  you have it in writing, but here is how their construction

|  |  |  |
|---|---|---|
| 1 | would render Lau invalidated.  And as you'll see when you take | |
| 2 | a look at the patent office, Brown is similarly invalidated. | |
| 3 | With that, Your Honor, unless you have further | |
| 4 | questions, I will conclude my arguments in light of a few | |
| 5 | comments in response. | 10:05 |
| 6 | THE COURT:  All right.  Mr. Toney. | |
| 7 | MR. TONEY:  Thank you. | |
| 8 | I will start with slide 18, Your Honor.  Connecting | |
| 9 | strut column, slide 19. | |
| 10 | So what we're talking about here is not importing a | 10:06 |
| 11 | geometric limitation, but rather importing a negative | |
| 12 | functionality limitation; that is, if this particular structure | |
| 13 | can also perform the function of a different structure, in | |
| 14 | other words, if it can contribute to expansion in radial | |
| 15 | strength, as well as connect, then it cannot be an infringing | 10:06 |
| 16 | device.  And that's what we're ultimately faced with is | |
| 17 | defendant is trying to argue that because they -- and we will | |
| 18 | show at trial -- they have two different elements, one of which | |
| 19 | is more strong and the other of which is more flexible, that | |
| 20 | because the strong one is also flexible and because the | 10:06 |
| 21 | flexible one is also strong that they don't infringe.  And we | |
| 22 | submit that that sort of negative limitation would be directly | |
| 23 | contradicted by the specification of this patent and is simply | |
| 24 | improper as an additional imported claim. | |
| 25 | Now, slide 23. | 10:06 |