# Exhibit 7

**Zogg, Sara P.**

| | |
|---|---|
| **From:** | Norman (Jack) Minnear [jminnear@kasowitz.com] |
| **Sent:** | Wednesday, January 15, 2014 4:08 PM |
| **To:** | Wolf, Matthew M. |
| **Cc:** | Nilsson, John E.; Zogg, Sara P.; Han, Edward; Jang-Boston Scientific; James Odlum; joassist@mohlaw.com |
| **Subject:** | RE: Follow up to meet and confer |

Further and not to belabor the substantive points: we do not believe that BSC's initiation of the re-exam was required by the duty of candor, and we believe that BSC should have submitted Mr. Lee's validity report to the PTO because it contains information contrary to the information BSC has provided the PTO.  As we have stated, BSC's conduct in initiating the re-exam proceedings, refusing to defend the validity of the claims, and refusing to involve Dr. Jang in the PTO proceeding is a breach of BSC's contractual obligation to maintain Dr. Jang's patents and consult with Dr. Jang in prosecution.  And, the present situation is a result of BSC's failure to consult Dr. Jang, not any fault of Dr. Jang's.


Norman (Jack) Minnear
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
Tel. (212) 506-1742
Fax (212) 500-3563
jminnear@kasowitz.com

**From:** Norman (Jack) Minnear
**Sent:** Wednesday, January 15, 2014 3:46 PM
**To:** Wolf, Matthew M.
**Cc:** Nilsson, John E.; Zogg, Sara P.; Han, Edward; Jang-Boston Scientific; James Odlum; 'joassist@mohlaw.com'
**Subject:** RE: Follow up to meet and confer

Matt,

Thank you for providing BSC's positions on the issues we raised last Thursday and again yesterday.  Your response does not directly address whether BSC will agree to the compromise proposal that BSC obtain an extension of the January 21 response date to allow the parties to further discuss so that we are not required to seek urgent injunctive relief from the Court, although your response suggests as much.  We take it from your response that BSC will not agree to our compromise proposal that BSC seek an extension of the January 21th PTO response date and allow Dr. Jang input on the response and we will proceed with our motion.  Please advise immediately if we misunderstand BSC's position.  Otherwise, we will proceed with our application for a TRO and a preliminary injunction as discussed.  As you and your team are aware, BSC will have 24 hours to respond to our ex parte application after fax service.

Regards,
Jack

**From:** Wolf, Matthew M. [mailto:Matthew.Wolf@APORTER.COM]
**Sent:** Wednesday, January 15, 2014 9:24 AM
**To:** Norman (Jack) Minnear
**Cc:** Nilsson, John E.; Zogg, Sara P.; Han, Edward
**Subject:** Follow up to meet and confer

Upon consultation with our client, we offer the following observations:

1

We have openly stated from the beginning of this case that the claim construction advocated by Dr. Jang would render the claims at issue invalid. The PTO has now agreed. We have timely informed Dr. Jang of BSC's activities in the PTO and the PTO's responses.

We do not believe that the operative contract contemplates Dr. Jang participating in PTO activity unless specifically requested to by BSC. And at no time prior to last Thursday did Dr. Jang indicate any interest in the PTO proceedings whatsoever. To suggest any exigency now is belied by Dr. Jang's inactivity to date.

Moreover, we don't believe that there is any procedurally proper way for you to seek the relief you described in the current case. To the extent that Dr. Jang intends to file a new complaint for breach of the provision(s) you identified, or to seek to amend the current complaint to add such a claim, BSC would clearly be entitled to the ordinary time allotted under the rules to respond.

I must emphasize that BSC takes it duties owed to the PTO very seriously. As we noted in our phone call today, if Dr. Jang believes that BSC has said anything in its PTO submissions that is inaccurate, please tell us immediately so that we may consider whether the record before the PTO should be corrected. To submit Mr. Lee's expert report, or any similar argument, to the PTO would be a breach of our duties as we believe that the arguments therein are plainly incorrect.

Matthew M. Wolf
Partner

Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

Telephone: +1 202.942.5462
Cell Phone: +1 202.744.8779
Matthew.Wolf@aporter.com
www.arnoldporter.com

U.S. Treasury Circular 230 Notice

Any U.S. federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

------------------------------------------------------------------
For more information about Arnold & Porter LLP, click here :
http://www.arnoldporter.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.