JS-6

**United States District Court**
**Central District of California**
**Eastern Division**

| | |
|---|---|
| G. David Jang, M.D.,<br><br>                              Plaintiff,<br><br>                    v.<br><br>Boston Scientific Corporation, et.<br>    al.,<br><br>                              Defendants. | EDCV 05-00426-VAP (MRWx)<br><br>**Final Judgment** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

This action came on regularly for trial on June 23, 2015, in Courtroom 2 of the above entitled Court, the Honorable Virginia A. Phillips, United States District Judge presiding.  Plaintiff G. David Jang appeared by his attorneys Kasowitz, Benson, Torres & Friedman LLP by Jeffrey J. Toney, Jonathan K. Waldrop, Darcy L. Jones, Jed I. Bergman, and Heather S. Kim. Defendants Boston Scientific Corporation and Scimed Life Systems, Inc. (collectively, "BSC") appeared by their attorneys Arnold & Porter LLP, by Matthew M. Wolf, John E. Nilsson, Edward Han, Amie L. Medley, Allen Secretov, Robert P. Watkins, III, and Sara P. Zogg.

A jury of seven persons was regularly impaneled and sworn to try the action.  Witnesses were sworn and testified.

On July 7, 2015, after hearing the evidence, the arguments of counsel, and the instructions given to the jury on Plaintiff's patent infringement claims, the jury retired to consider its verdict, and on July 8, 2015, returned its verdict by way of answers to the questions propounded to it, as follows:

**Question No. 1:**  Has Dr. Jang proven, by a preponderance of the evidence (*i.e.*, that it is more likely than not), that the Express stent literally infringes claim 1 of U.S. Patent 5,922,021 (*i.e.*, literally includes each and every requirement of claim 1)?

YES    _____               NO    __X__

If you answer "YES" to Question No. 1, skip to Question No. 3.

If you answer "NO" to Question No. 1, proceed to Question No. 2.

**Question No. 2:**  For any requirements of claim 1 of U.S. Patent 5,922,021 that are not literally infringed, has Dr. Jang proven, by a preponderance of the evidence (*i.e.*, that it is more likely than not), that the Express stent meets the requirement(s) under the doctrine of equivalents?

YES    __X__               NO    _____

If you answer "YES" to Question No. 2, proceed to Question No. 3.

If you answer "NO" to Question No. 2, STOP.  You have completed your deliberations.

United States District Court
Central District of California

**Question No. 3:**  Has Dr. Jang proven, by a preponderance of the evidence (*i.e.*, that it is more likely than not), that the Express stent literally infringes claim 8 of U.S. Patent 5,922,021 (*i.e.*, literally includes each and every limitation of claim 1 <u>and</u> claim 8)?

YES  _____                   NO  __X__

If you answer "YES" to Question No. 3, skip to Question No. 5.

If you answer "NO" to Question No. 3, proceed to Question No. 4.


**Question No. 4:**  For any requirements of claim 8 of U.S. Patent 5,922,021 that are not literally infringed, has Dr. Jang proven, by a preponderance of the evidence (*i.e.*, that it is more likely than not), that the Express stent meets the requirement(s) under the doctrine of equivalents?

YES  __X__                   NO  _____


If you answer "YES" to Question No. 4, proceed to Question No. 5.

If you answer "NO" to Question No. 4, STOP.  You have completed your deliberations.


**Question No. 5:**  Has Dr. Jang proven, by a preponderance of the evidence (*i.e.*, that it is more likely than not), that he performed all of his obligations under the Assignment Agreement?

YES  __X__                   NO  _____

If you answer "YES" to Question No. 5, proceed to Question No. 6.

If you answer "NO" to Question No. 5, STOP.  You have completed your deliberations.

**Question No. 6:** Has Dr. Jang proven, by a preponderance of the evidence (*i.e.*, that it is more likely than not), that BSC breached its obligations under the Assignment Agreement by failing to make required payments to Dr. Jang?

YES     __X__                    NO     _____


        The Presiding Juror should now sign and date the verdict form in the spaces below and notify the bailiff that you have reached a verdict.  The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.


DATED: <u>July 8</u>, 2015                              By: _____/s/_____

                                                        Presiding Juror

On September 29, 2015, the Court issued its Order Granting Judgment in Favor of Defendants (Doc. No. 712), finding BSC's Express stents do not infringe Claims 1 and 8 of U.S. Patent 5,922,021 under the doctrine of equivalents.

**NOW, THEREFORE, IT IS ADJUDGED, ORDERED AND DECREED THAT:**

Judgment be entered in favor of Defendants.

Dated:   October 30, 2015

_____
Hon. Virginia A. Phillips
United States District Judge

United States District Court
Central District of California

5